### EX PARTE ANDREW ZUCCARO.

#### No. 2625.　Decided January 28, 1914.

**1.—Injunction—Classes of Orders.**

Injunctions, under our practice, are of three classes: (1) A restrain-ing order made pending the hearing of a motion for preliminary injunction; (2) a preliminary injunction operating, unless dissolved by interlocutory order, until the final hearing and judgment; (3) a perpetual injunction, ordered only by final decree. One of the first class—restraining order—is operative only till the date set for hearing the motion for temporary injunction. (P. 199.)

**2.—Same—Practice—Setting Case for Hearing.**

An order on a petition for injunction filed and presented in term time, granting a restraining order and setting the case for hearing seven days there-after, could only refer to the hearing of the application for temporary injunc-tion, since, defendant not having been cited or appeared, the case could not then be set for final trial. (Pp. 198, 199.)

**3.—Same—Contempt—Habeas Corpus.**

Suit was filed, on behalf of the State, against proprietors of moving pic-ture shows, for injunction against giving exhibitions on Sunday, with prayer for a temporary restraining order and for its perpetuation on final hearing. An order was made, on presentation of the petition in term time, restraining defendant from exhibiting on Sunday "until further orders of this court," and setting the cause for hearing at a date seven days later, of which hearing the clerk was directed to and did give defendant notice. No other process was issued, no appearance entered by defendant, nor any further order made in the case until about a year and ten months later, when, upon his own motion, the judge of the court had defendant cited for violation of the injunction; and upon hearing defendant was found guilty of contempt and punished by fine and imprisonment,—whereupon he sued out a writ of habeas corpus on orig-inal application to the Supreme Court. Held, that the injunction charged to be violated was a mere restraining order and effective only until the date set for hearing of the application for preliminary injunction; that defendant was not guilty of contempt in disregarding it after that date; and that he was entitled to be discharged from custody under such judgment of conviction, it not being supported by a valid existing injunction. (Pp. 198-200.)

Original application to the Supreme Court, through writ of habeas corpus, for the discharge of the relator, Zuccaro, from custody under a commitment for contempt of court in violating an injunction.

*Baskin, Dodge & Eastus,* for relator cited: Riggins v. Thompson, 96 Texas, 154; Cole v. Forto, 155 S. W., 350; Holman v. Cowden & Suth-erland, 158 S. W., 571; Ex parte Landry, 144 S. W., 968.

No briefs for respondent.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

The writ of habeas corpus was issued in this proceeding upon the application of the relator complaining that he was restrained of his liberty by the sheriff of Tarrant County in virtue of a commitment issued out of the District Court of that county upon a judgment convicting him of contempt of court in disobeying an injunction previously issued.

On January 27, 1912, the county attorney of Tarrant County instituted in the Sixty-seventh District Court of that county an injunction suit in behalf of the State of Texas against the relator and others; praying for the issuance of a temporary restraining order, enjoining the defendants from opening or permitting to be opened for amusement their theaters and moving picture shows on Sunday; that the cause be set down for hearing, and that upon final hearing the temporary restraining order be made permanent. The petition was presented on the same day to the Hon. W. T. Simmons, judge of the court, who thereupon indorsed thereon the following fiat:

"Petition granted and clerk of the District Court of Tarrant County, Texas, directed to issue and direct to each and every defendant named in this petition an order enjoining, restraining and prohibiting them and each of them from opening or permitting to be open their theaters and moving picture shows, respectively, on Sunday, for public amusement, from giving therein any performances for public amusement, and from charging a fee for admission thereto or from doing any of said acts until further orders of this court. This cause set down for hearing Saturday, February 3, 1912, at 2 o'clock p. m. and clerk directed to issue notice hereof to defendants and each of them."

A notice as provided in the fiat was issued and served upon the relator, but it appears that no other process has ever been issued in the cause.

On November 24, 1913, the Hon. Marvin H. Brown, judge of the court referred to, without any motion or complaint charging the relator with a violation of the alleged injunction, issued an order to the clerk of the court to cite the relator, among others, for contempt of court for violation of this injunction. Upon hearing, the relator was adjudged in contempt, a fine assessed against him, together with imprisonment in the county jail for three days and until the fine should be paid.

The relator has previously presented his petition for the writ to the Honorable Court of Criminal Appeals, which declined to entertain it upon jurisdictional grounds, whereupon on application to this court our jurisdiction being undoubted, it was ordered that the writ issue.

It appears from the record submitted to us that no other order in respect to the injunction has ever been made in the cause referred to than that embodied in the fiat of the judge above quoted; that no hearing was had on February 3, 1912, the date fixed in the fiat therefor; that the case has never been tried, and no other orders have ever been made therein. The fiat constitutes the sole basis for the injunction claimed to have been violated, and must alone be looked to for the pur-

pose of determining whether any injunction was in force, for the violation of which the contempt proceeding would properly lie.

If the order embodied in the fiat amounted only to a temporary restraining order, provisional in its nature and limited in its duration to the date appointed for a hearing, it is manifest that the relator could not be competently held in contempt for acts committed after such date. If the order, on the other hand, possessed the force of a continuing injunction, effective until final hearing of the cause unless dissolved in an appropriate proceeding, he, of course, remained subject to the restraints it imposed.

In the opinion of this court delivered by Chief Justice Gaines, in Riggins v. Thompson, 96 Texas, 154, 71 S. W., 14, the classification of injunctions under our practice is thus stated:

"1. A restraining order, which is defined to be: 'A restraining order is an interlocutory order made by a court of equity upon an application for an injunction and as part of the motion for a preliminary injunction, by which the party is restrained pending the hearing of the motion.' 2. One which is intended to operate, and which does operate unless dissolved by an interlocutory order, until the final hearing; and, 3. A perpetual injunction which can be properly ordered only upon a final decree." In that case the district judge had ordered by fiat indorsed upon the plaintiff's petition that the defendants appear upon a date named to show cause why permanent injunction should not issue, and that a restraining order issue to the defendants as prayed for, pending such hearing. It was held that the order issued upon the authority of the fiat was only temporary in its character and expired upon the date appointed for the hearing. The fiat here involved is not in the same terms as the one considered in that case, but there can be no doubt under this authority that the only effect of the order was to temporarily enjoin the defendants, and, there having been no continuance of the injunction, it expired on the date appointed for the hearing.

The court appears to have been in session on January 27, 1912, the date the petition was presented and the order made. The cause could not, of course, have come on for final hearing until the succeeding term, unless an appearance was entered, which was not done. Accordingly it was not subject to be finally heard on February 3, 1912; and in ordering that "this cause (is) set down for hearing" for that date, the judge could not have intended that any other hearing be had than one for the purpose of determining whether an injunction should issue, operative until the final hearing. This must be true since he was without authority to try the cause on that date, which was only seven days subsequent to the date of his order; and unless the hearing thus appointed was for the purpose stated, his ordering a hearing for such date was a vain act. If the hearing was fixed for the purpose of determining whether an injunction should issue, and such it seems to us is the obvious effect of the order, it is clear that the injunction originally ordered was provisional in its nature, and was intended to be operative

only until the date named for the hearing.    Otherwise, there was no occasion for the hearing.

It is manifest under the record presented to us that the injunction expired on February 3, 1912.    The judgment of contempt, based upon such injunction, for an alleged violation long subsequent to the date of its expiration, was therefore void and of no effect; and the relator should be discharged.    It is unnecessary to consider the other questions presented under the application.

*Relator discharged.*