**VOGELSANG v. GRAY et al. (No. 7986.)**

(Court of Civil Appeals of Texas. Galveston.
June 23, 1920. Rehearing Denied
Oct. 7, 1920.)

**1. Appeal and error ⬤⟹71(3)—Order denying motion to dissolve injunction for insufficiency of petition appealable.**

Where general demurrer challenged only the sufficiency of the petition to entitle plaintiffs to temporary injunction, and motion to set aside order granting injunction expressly limited defendant's appearance for such purpose, it was in effect a motion to dissolve the injunction for insufficiency of the petition to entitle plaintiffs to such relief, and order denying it was appealable.

**2. Injunction ⬤⟹16—Will not be granted where there is remedy at law.**

Injunction will not be granted when the party seeking such relief has a clear and equally adequate remedy at law.

**3. Injunction ⬤⟹38 — Writ not available to transfer possession of property involved in pending suit.**

Injunction cannot generally be used pending final determination of a suit for possession of property to transfer such possession from defendant to plaintiff.

**4. Pleading ⬤⟹214(1)—General demurrer admits truth of facts alleged.**

General demurrer admits the truth of the facts alleged in the petition.

**5. Landlord and tenant ⬤⟹28(1)—Landlords entitled to preserve status of property by injunction after cancellation of fraudulent lease.**

Where one tenant by fraud on the landlords obtained a lease of all the premises, his own and those occupied by other tenants, the landlords, on discovery of the fraud, were entitled to cancellation of the lease, and the other tenants could repudiate their attornment to the first, and continue their possession as tenants, after which cancellation and repudiation of attornment the landlords are entitled to have the status quo of the property preserved by injunction.

**6. Judgment ⬤⟹452, 684—Landlord's title not in issue in tenant's forcible detainer suit against other tenant, and may restrain enforcement of judgment.**

The title and right of possession of landlords could not have been put in issue in a forcible detainer suit brought by one of their tenants against the others, and the landlords are not bound by the judgment, and are entitled to restrain its enforcement pending determination of their suit against the first tenant, wherein they allege he procured his lease of the whole of the premises, his own and those of the other tenants, by fraud, and simply to harass the others.

Appeal from District Court, Ft. Bend County; M. S. Munson, Judge.

Suit by Jacob Gray and others against L. A. Vogelsang. From an order refusing to grant motion to dissolve temporary injunction against him, defendant appeals. Affirmed.

Wolters, Storey, Blanchard & Battaile, of Houston, for appellant.

J. M. Gibson, of Houston, and C. J. McFarlane, of Richmond, for appellees.

PLEASANTS, C. J. This appeal is from an order of the court below refusing to grant a motion to dissolve a temporary injunction theretofore issued against the appellant in this cause. The petition upon which the injunction was granted contains the following allegations:

"That the plaintiffs were, on the 27th day of January, 1919, and for a long time theretofore, the owners in fee of the following described real estate situate in Ft. Bend county, Tex., described follows: The west 90 feet of lots Nos. 6, 7, and 8, in block 35, according to the map of the plan of Rosenberg, Texas, upon which was situated two two-story houses and which were at that time and have been ever since used, that is, the lower floors of the same, for mercantile establishments; that the said plaintiffs were holding the said property by virtue of fee-simple title in Jacob Gray, and were in peaceful possession of said premises and enjoying the rents and profits thereof; that on said 25th day of January, 1919, the said L. A. Vogelsang, defendant, under contract for rent made with the plaintiffs, was occupying one of the buildings upon said premises, said building being No. ——— on the East part of same; that the other said building upon said premises was occupied by a firm of merchants, to wit, J. J. Neuman and Robert Kirmise, and doing business under the name and style of Neuman & Kirmise, doing a dry goods and notion business in said premises.

"(2) Plaintiffs show that at that time each of the said tenants of the said plaintiffs, to wit, the said L. A. Vogelsang and the said Neuman & Kirmise, occupied said buildings as tenants under rental contract of lease which expired on the 28th day of February, 1919.

"(3) Plaintiffs would further show that some time prior to the 1st day of January, 1919, the said defendant came to the plaintiffs at their home in Butler county, Mo., and then and there fraudulently and falsely represented to the plaintiff Jacob Gray that he desired to purchase the said property alleged above, and that he desired to obtain a lease contract upon said premises for both buildings, commencing the 1st day of March, 1919, and to continue for 3 years, and the said L. A. Vogelsang fraudulently and falsely represented that the said Neuman & Kirmise, who were occupying one of the buildings of said premises, were doing business upon borrowed capital, and that they were not able to enter into a contract to purchase said property, or to give any reasonable sort of guarantee to be able to pay continuously the rent for said premises,

and that at any time the said Neuman & Kirmise would have to go out of business, and were unable to conduct a paying establishment there, and the said premises were likely to become vacant, and the plaintiffs would lose their monthly rental therefor and be without a tenant; that he (L. A. Vogelsang) was able to pay the rents as they accrued upon said premises, and would be able to purchase the title to said property, said plaintiffs desiring to sell the same.

"(4) The plaintiffs show that the said L. A. Vogelsang was working upon the fears of the said plaintiffs by these false and fraudulent representations; that by these means he persuaded the said plaintiffs to execute and deliver to the said defendant Vogelsang a certain contract in writing, a copy of which is herewith filed, marked 'Exhibit A,' and made a part of this petition, in which the said premises were leased to the said Vogelsang for a term of 3 years, beginning March 1, 1919, but upon the special covenants and provisions set out therein and contained, upon the faithful performance thereof by the said defendant.

"(5) Among other things said contract provided that the said Vogelsang, defendant, should pay in advance at the first of each and every month, beginning on the 1st day of March, 1919, the sum of $100 per month as rent; that at any time, should there be any default in the payment of any rent or breach of any covenants contained, it shall be lawful for the plaintiffs to declare the contract canceled and terminated, and shall enter said premises and remove all persons therefrom without prejudice to any legal remedies for the collection of rent; that among other things was provided in said contract that the said Vogelsang should repair the said buildings, that is, the roof of the gallery in front of same, the roof of the buildings, if such should need any repair; that the alley back of the buildings must be filled with brick tile or cemented, and the water to be drained from the buildings, and to repair the windows of the buildings, and to repair the plate glass in the front of the corner building, all of these repairs to be made by the party of the second part, and to be deducted from the rent. Said contract also provided the privilege of the purchase of said property during the term of said lease for the sum of $11,500, one-half cash, balance in 1, 2, and 3 years, with 6 per cent. interest.

"(6) Plaintiff would show that evidently it was not really the intention of the said Vogelsang to purchase said building, nor was it his desire to use both of said buildings for the conducting of any business of his own therein, but that the said Vogelsang was doing a mercantile business, and dry goods and notions, in one of the said buildings, and the firm of Neuman & Kirmise, who were occupying the other building, were doing a like business, and it was the object and desire of the said Vogelsang to destroy the business and oust said Neuman & Kirmise as rivals in said business in the trade and patronage they had built up in the town of Rosenberg, Tex., and to destroy them as competitors, and to injure and deprive the said plaintiffs of good paying tenants, and possible purchasers for said build-

ing, in the persons of said Neuman & Kirmise; that Neuman & Kirmise had a large stock of goods in the store occupied by them, and were doing a flourishing business, and, as plaintiffs afterwards found out, were amply able to pay their rents as they fell due, and could have become purchasers of said building, if plaintiff desired to sell.

"(7) The plaintiff would further show that after the said defendant notified the said Neuman & Kirmise that he had obtained said lease for the building occupied by the defendant and the said store by them, and that they would either move on the 1st day of March, 1919, and vacate said premises, or if they remained longer they should remain only as tenants at will in the lower floor of said building, from month to month, of the said defendant Vogelsang, and should pay the said defendant the sum of $60 per month; that said Neuman & Kirmise, having a large stock of goods of the value of possibly $30,000, had no other place to go, there being no suitable business house that could be obtained in Rosenberg, Tex., and they were compelled to remain therein and to pay the said defendant the said monthly rental to the defendant; that thereafter, some time in March, the said Vogelsang notified the said Neuman & Kirmise that on the 1st day of June, 1919, they should vacate the premises or pay for said month of June the sum of $75 per month, and that thereafter he again notified said Neuman & Kirmise that they should vacate said premises on the 1st day of July, 1919, unless they would pay to the said defendant on the 1st day of July, for the month of July, the sum of $125 per month; it being the purpose or desire of the said defendant to harass and annoy the said Neuman & Kirmise so that they would remove from said store or premises, and to break them up and destroy them in their business, as these plaintiffs believe. The plaintiffs are informed and believe that the said Neuman & Kirmise paid $60 per month for March, April, and May to said defendant, for the month of June $75 a month to said defendant, and tendered for the month of July $75 to said defendant, but which he refused to accept, demanding $125.

"(8) Plaintiffs would further show that, notwithstanding the fact that by the expressed stipulations of the contract the said defendant was required to pay to the said plaintiffs on the first of each month, beginning March 1, 1919, monthly rental of $100 per month for the said premises, and notwithstanding the fact that for all of the months of March, April, May and June the said defendant collected from the building alone occupied by the said Neuman & Kirmise the above rental heretofore stated, and by renting the upper story above the store of Neuman & Kirmise came further sums of money, the said Vogelsang wholly failed to comply with the expressed terms of his lease to pay to the said plaintiffs any part of the said rent of $100 for the months of March, April, May, June, and July, and utterly failed to do and perform any of the covenants set out in said lease contract toward repairs of the said buildings; that he wholly failed to put down the alley back of the building with cement, brick, or tile, wholly failed to repair the roof of the gallery in front of

the buildings, and wholly failed to fix the windows of said building, but did suffer and permit water to pour through the broken windows, and through the leaky roof of the gallery in and to said premises; that thereupon the said plaintiffs exercised the rights and expressed conditions reserved in said lien contract dated on the 25th day of January, 1919, through their agent and son, L. E. Gray, served notice upon the said L. A. Vogelsang that their lease contract had been terminated, and that their said lease contract was canceled under the terms of said lease, and then and there demanded the possession of all of said premises, and required of the said defendant that he vacate same; that the said plaintiffs then and there, and under and by virtue of their said lease contract, re-entered upon said premises occupied by Neuman & Kirmise, and took possession thereof, and required the said Neuman & Kirmise thereafter either to pay to the said plaintiffs the monthly rental of $75 per month or immediately vacate said premises.

"(9) Plaintiffs would further show that thereafter, during the month of August, said defendant Vogelsang not having vacated said premises, and still claiming and setting up the right to collect the rents for said building occupied by Neuman & Kirmise, did have their agent, L. E. Gray, in person to go to the said defendant on the premises, and there in writing and verbally notify said defendant that the lease contract was canceled, and to vacate said premises, all of which the said defendant has heretofore failed and refused to do. The plaintiffs show that thereafter they demanded and collected rents from the building occupied by Neuman & Kirmise, or the lower part thereof, the monthly rentals of $75 per month, which plaintiffs have collected, as they had a right to do, as they had long before terminated the lease contract held by said defendant Vogelsang, but that plaintiffs have demanded and received no rent from said L. A. Vogelsang for said premises.

"(10) Plaintiffs show, notwithstanding the foregoing premises, and notwithstanding Vogelsang has forfeited all rights to possession of said premises, or to any claim for the rents thereof, from said Neuman & Kirmise, the defendant Vogelsang continued to unlawfully withhold possession of premises, claiming under contract that had been canceled and void the building he, the defendant, occupied, and further continued to harass and annoy plaintiffs' tenants, Neuman & Kirmise, in occupancy of the lower floor of the building occupied by them, demanding of said plaintiffs' tenants a rent of $125 per month and threatening them with an embarrassing suit, and did file against them in the justice court of said county a suit for possession under the Forcible Entry and Detainer Act, which said suit was filed before F. M. O. Fenn, justice of the peace, precinct No. 1, Ft. Bend county, Tex., which proceeding is still being prosecuted in the courts of Ft. Bend county, Tex.

"(11) The plaintiffs show that in order to further stop the annoyance and harassment of said defendant of their tenants, Neuman & Kirmise, and prevent Vogelsang from disturbing their peaceful possession of said premises, the plaintiffs again, on the 8th day of September, 1919, in writing demanded from the defendant the possession of said premises occupied by him, and notified him again of plaintiffs' cancellation of said lease contract by reason of the breach of the covenants thereof, as heretofore set forth.

"(12) The plaintiffs further show that ever since the 25th day of July, 1919, the said defendant has been unlawfully withholding from the said plaintiffs the possession of that building occupied by him, and has been unlawfully and unjustly claiming the right to collect the rent of the building occupied by Neuman & Kirmise, and has been unlawfully and unjustly harassing and annoying the plaintiffs' tenants, Neuman & Kirmise, in their possession of the peaceful use of the store building occupied by them, and that said defendant has been unlawfully entering upon the upper story, or hall, in the upper part of the building occupied by Neuman & Kirmise, and from time to time renting it for nightly amusements and collecting the profits therefrom, and has in other ways trespassed upon the rights and property of the said plaintiffs, and is threatening to continue so to do, and denying the title and right of possession and rent and profits thereof to these plaintiffs.

"(13) The plaintiffs would further show that since the notification by the said plaintiffs to the said defendant of the cancellation of the said lease contract, the said defendant, intending, as plaintiffs believe, to injure the said plaintiffs in their properties, has caused the roofs of both buildings to be torn off or removed, when they did not leak, and has caused to be placed upon said building a tin roof, which is wholly inferior and less substantial than the roof that was already upon said building; that said defendant has done this notwithstanding he was notified not to remove the roof of the building occupied by Neuman & Kirmise by plaintiffs, as the roof of that building was not in need of repair, and if it was in need of such repair the plaintiffs held a guaranty contract with the parties who originally constructed it to keep same in repair, or to pay the damages that accrued by reason of nonrepair for a term of 12 years, the greater portion of said time being yet unexpired; that plaintiffs have suffered actual damages by reason thereof in the sum of $900; that said defendant Vogelsang is unjustly and unlawfully undertaking to set up some claim of remuneration by reason of his construction of said roof, all of which claim plaintiffs say is fraudulent, and only intended to injure and harass plaintiffs in the possession of their premises. The plaintiffs show that by virtue of the failure of the said defendant to faithfully carry out, according to the spirit and the letter, his lease contract, all rights to possession of said premises mentioned in said lease and by virtue of said lease became and were at an end and terminated on the 25th day of July, 1919, and that said defendant is not entitled to claim or assert any rights growing out of said lease contract to said premises, to hold possession of any part of same, or to collect the rents of any part of same since that date, and that the plaintiffs are entitled to have a judgment of court ousting said defendant from possession of the premises he now occupied. Plaintiffs

further show that unless, pending the final hearing of this cause, the said defendant be enjoined from further withholding possession of the building occupied by him and from trespassing upon and entering into the building occupied by Neuman & Kirmise and withholding the keys and possession of the hall or upper story of the building, and from claiming or asserting any right or title under said written contract heretofore canceled, said defendant will further injure said building, and will depreciate the market value thereof, and will deprive the plaintiffs of good reliable tenants, and from their revenue they should obtain, and from making a profitable sale of the whole of said building and premises, and will otherwise cause the plaintiffs to suffer irreparable injury, for which they have no adequate remedy at law, and will put them to great trouble and expense and injury, and harass them in their peaceful possession of said premises by a multiplicity of lawsuits, and otherwise greatly hinder and obstruct them in the legitimate and proper and peaceful enjoyment of their properties, and the plaintiffs pray for an injunction forever restraining and prohibiting him from setting up or claiming any rights to possession thereof, or from entering upon any part of said premises, hereafter interfering with any of the tenants in said buildings placed there by said plaintiffs, or placed by the permission of the said plaintiffs, and from collecting any, or attempting to collect any, rents or to use in any manner any part of said premises. Plaintiffs further show that they should have an injunction restraining the said L. A. Vogelsang from undertaking to remain longer in possession of any part of said premises pending the final hearing of this cause, and that they should have and are entitled to have, pending the hearing of this cause, an injunction restraining the said L. A. Vogelsang, or any of his attorneys or agents, from undertaking in any manner, either by court procedure or by any process of court, to oust and disturb the said Neuman & Kirmise as tenants of these plaintiffs, or from interfering with them in any way, or from undertaking to rent out or to use any part of the store building occupied by the said Neuman & Kirmise, especially the hall above the store, and also an order restraining Neuman & Kirmise from paying any rents to said Vogelsang for said premises.

"Plaintiffs ask that citation issue to said defendant L. A. Vogelsang, and to J. J. Neuman and Robert Kirmise, and that on final hearing this court will order, adjudge, and decree that the plaintiffs have judgment declaring the lease contract heretofore set out in Exhibit A was terminated and canceled on July 25, 1919, and that since said time the defendant has been a trespasser upon the premises, and that plaintiffs should recover of and from said defendant L. A. Vogelsang a judgment for the title and possession of the premises and the reasonable value of the rent of said premises occupied by said defendant Vogelsang since the 27th day of January, 1919, which the plaintiffs say was in the sum of $100 per month for the part alone occupied by said defendant; that they have judgment for the sum of $25 a month as a reasonable damage as a rental value of the hall, or upper story of the building occupied by Neuman & Kirmise; that they recover judgment for all of the back rent from the 1st of March, 1919, until the 25th day of July, 1919, in the sum of $100 a month, and that they shall have execution for all of same, and that they have assessed against the defendant Vogelsang a judgment for $900 as compensation for tearing off the roofs of said buildings; and that they have all and singular such other special and general relief as may be found just and equitable in the premises, and in duty bound will ever pray."

This petition was duly verified, and the judge of the court below, upon its presentation to him in chambers on March 11, 1920, made thereon the following order:

"On presentation and consideration of the application for injunction herein it is ordered and decreed that the clerk of the district court of Ft. Bend county, Tex., shall issue a writ of injunction as prayed for in said petition, upon plaintiff executing a bond in the sum of $1,000 conditioned according to law, but to be approved by the clerk. Said injunction pending the further orders of this court commanding and prohibiting the said L. A. Vogelsang, by himself or through any agent or attorney, from suing out or procuring any process issued from the county court of Ft. Bend county, Tex., or elsewhere that would dispossess the said J. J. Neuman and Robert Kirmise or other tenants of the plaintiff from that certain building in Rosenberg, Tex., described as follows: The lower floor of the building situate on the west 90 feet of lots 6, 7, and 8, in block 35, according to the plat of Rosenberg, Ft. Bend county, Tex.—and prohibiting said Vogelsang, his agents or attorneys, from undertaking in any way to interfere with the possession of said premises by the plaintiff or any tenant or agent of the plaintiff, or collecting or undertaking to collect any rents from said premises or any part thereof."

On March 12, 1920, defendants Neuman & Kirmise filed an answer and cross-bill, in which they admit the material allegations of plaintiffs' petition, and set up a claim for damages against the defendant Vogelsang in the sum of $5,000, and pray that the injunction against Vogelsang be perpetuated, and that they recover of him the damages claimed by them.

On April 1, 1920, the defendant Vogelsang filed the following motion to set aside the order of the court above set out:

"Now comes the defendant L. A. Vogelsang, and for the sole and only purpose of the pleading entered his appearance herewith, and moves this honorable court to set aside the temporary restraining order hereinbefore granted, for the following reason, to wit:

"(a) Insufficiency of the plaintiffs' petition, either at law or in equity."

On April 5, 1920, said defendant filed an answer containing a general demurrer, general denial, and special denials of the material allegations of plaintiffs' petition, and praying

that the temporary injunction be dissolved. On the same day plaintiff filed an amended petition, elaborating the allegations of their original petition. On April 7, 1920, the motion to set aside the order granting the injunction and to dissolve said injunction was presented to the court, and upon hearing said motion the following order, from which this appeal is presented, was made and entered:

"On this day coming on to be heard defendant's motion to dissolve the injunction heretofore granted in this cause, thereupon came the plaintiff and the said defendant L. A. Vogelsang and their respective attorneys; thereupon came the plaintiff and L. A. Vogelsang, filed their answer herein, which he desired to present along with said motion. The plaintiff thereupon alleged for opportunity to reply to said answer and to submit proofs and evidence in support of the allegations of their petition which were denied by the defendant in his answer, plaintiff not having the 10 days' notice under the statute, defendant objected to delay, and asked the court to hear only the matter by law received by his, Vogelsang's, motion to dissolve upon the demurrer to the sufficiency of plaintiffs' petition, and the court thereupon ordered that he would hear and determine the questions of law only touching the sufficiency of plaintiffs' petition, said question of law raised by said demurrer being argued and submitted to the court, the same were by the court duly considered and overruled, and the court adjudged that the order granting the injunction would be allowed to remain in force, pending further determination of the matter of fact at issue between plaintiff and defendant, and refused to dissolve said injunction. To which action of the court in overruling said demurrer, the defendant L. A. Vogelsang then and there in open court excepted, and gave notice of an appeal to the Court of Civil Appeals of the First Supreme Judicial District of Texas, at Galveston."

We are not in limine by a motion by appellees to dismiss this appeal on the ground that—

"This is an undertaking to have this court review an interlocutory judgment of the district court of the Twenty-Third judicial district of Texas, rendered during regular March term, 1920, of the district court of Ft. Bend county, Tex., overruling a general demurrer to the first amended petition of Jacob Gray et ux. v. L. A. Vogelsang, and is not such a final or such an interlocutory judgment from which an appeal would lie pending the final adjudication of the said cause in the said district court."

Appellees' construction of the purpose of the general demurrer presented in the motion to set aside the order granting the injunction, and of the effect of the order of the court overruling the demurrer and refusing to dissolve the injunction, is not borne out by the record, and cannot be sustained.

[1] The general demurrer only challenges the sufficiency of the petition to entitle plaintiffs to a temporary injunction, and the motion expressly limits appellant's appearance for the purpose of asking the court to set aside the order granting the temporary injunction, and is in effect a motion to dissolve the injunction because of the insufficiency of the petition to entitle plaintiffs to that relief. The right of appeal from an order refusing a motion to dissolve a temporary injunction is in no way affected by the ground on which the motion to dissolve is based, and the authorities cited by appellees, holding that an appeal cannot be taken from an interlocutory order overruling a general demurrer to a petition, have no application. We cannot, however, agree with appellant's contention that plaintiff's petition is insufficient to entitle them to an injunction.

[2, 3] It is true that an injunction will not be granted when the party seeking such relief has a clear and equally adequate remedy at law, and it is also well settled that an injunction cannot generally be used pending the final determination of a suit for the possession of property to transfer such possession from the defendant to the plaintiff. Simms v. Reisner, 134 S. W. 278. But we think neither of these rules was violated by the issuance of the temporary injunction in this case.

[4, 5] If the facts alleged in the petition are true, and as against a general demurrer they must be taken as true, Neuman & Kirmise are in the lawful possession of the portion of the property occupied by them as tenants of plaintiffs. They went into possession as tenants of plaintiffs, and if, as alleged in the petition, appellant obtained his lease of the premises from plaintiffs by fraud and misrepresentation, plaintiffs, upon the discovery of the fraud, were entitled to a cancellation of the lease, and Neuman & Kirmise had the right to repudiate their attornment to appellant and continue their possession as tenants of plaintiffs. In this situation, pending a final determination of the issues presented by the pleadings, the plaintiffs are entitled to have the status quo of the property preserved, and for this purpose an injunction was the proper remedy.

[6] Plaintiffs' title and right of possession were not and could not have been put in issue in the forcible detainer suit brought by appellant against Neuman & Kirmise, and plaintiffs are in no way bound by the judgment, and are entitled to restrain its enforcement pending the determination of this suit. Land Co. v. Thurman, 53 Tex. 619; Gibbons v. Ross, 167 S. W. 17.

We think the motion to dissolve the injunction was properly overruled, and that the judgment of the court below should be affirmed and it has been so ordered.

Affirmed.