#### HUDSON v. SUNSHINE OIL CORPORATION. (No. 1377.)

(Court of Civil Appeals of Texas. El Paso. Nov. 29, 1922.)

1. Injunction ⟨⟩176 — Order continuing writ until next term fixes certain date for termination.

An order continuing a temporary writ of injunction previously issued until the next regular term of district court of the designated county fixed the date of the convening of the district court in that county as the date for termination of the injunction, unless further action was taken by the court, and was not equivalent to an order continuing the injunction during the pendency of the cause.

2. Appeal and error ⟨⟩71(3)—Temporary order, which would expire by own limitation, is not appealable.

An order for temporary injunction, which would expire by its own limitation, is not one from which appeal can be prosecuted, under Rev. St. 1911, art. 4644, as amended by Acts 36th Leg. (1919) c. 17 (Vernon's Ann. Civ. St. Supp. 1922, art. 4644).

3. Appeal and error ⟨⟩781(4) — Jurisdiction not retained, after expiration of order appealed from, to determine costs.

Where the order for an injunction from which the appeal was taken has expired by the

expiration of the time for which it was continued before the determination of the appeal, so that the question of costs alone remains, the appellate court will not retain jurisdiction merely for the determination of the right to costs, but will dismiss the appeal.

Appeal from District Court, Reeves County; Charles Gibbs, Judge.

Suit for injunction by the Sunshine Oil Corporation against W. A. Hudson. From an order continuing in force a temporary injunction theretofore issued until the next term of court, defendant appeals. Appeal dismissed.

J. E. Starley, of Pecos, and W. A. Hudson, of Dallas, for appellant.

Roy I. Biggs, of Pecos, for appellee.

WALTHALL, J. On February 6, 1922, appellee corporation presented to the district judge of the Seventieth judicial district a petition in which it prayed that a writ of injunction be issued restraining the sheriff of Reeves county from executing an execution and order of sale thereunder, and restraining the sale of certain of the properties therein described, and that appellant, W. A. Hudson, the judgment creditor mentioned in said execution, be restrained from further levying execution upon some of the properties in the execution and order of sale described. The petition did not ask that upon hearing the temporary injunction prayed for be made permanent. On February 6, 1922, the district judge entered the following order:

"The foregoing petition being examined, it is ordered that writ of injunction issue as prayed for pending preliminary hearing hereon to be held at Midland, Texas, on Tuesday, February 14, 1922, said injunction to issue upon plaintiff filing bond in the sum of $500, with two sureties; to be approved by the clerk of this court."

On March 8, 1922, the district judge entered the following order:

"Upon further consideration of the foregoing application, upon briefs submitted as per request of the court made on February 14, 1922, it is ordered that the writ of injunction heretofore issued hereon be continued in force until the next regular term of the district court of Reeves county, Texas."

Following the above order the district judge made an entry to the effect that the order is based upon an agreed statement of facts filed, which he adopts as his findings, and enters his conclusions thereon.

W. A. Hudson duly excepted, and gave notice of appeal. On March 16, 1922, appellant perfected this appeal by giving his appeal bond, reciting therein the procuring of the injunction as of the 8th day of March, 1922.

Appellee has filed a motion in this court to dismiss this appeal, on the ground that the questions of law presented in the appeal have become moot, or abstract propositions of law, insisting that the order or injunction granted was merely a temporary restraining order, and when not expressly continued on the return day, or made permanent, the execution writ, the sale under which was restrained, was made returnable, and the restraining order ceased to be in effect and binding upon appellant.

[1] We have concluded that the motion should be sustained. The order of the district judge, "that the writ of injunction heretofore issued hereon be continued in force until the next regular term of the district court of Reeves county, Texas," a certain day fixed by law, and no further action thereon ordered or apparently contemplated, was a judicial determination fixing a specified time at which the writ granted should cease to be operative. In Fort Worth Street Ry. Co. v. Rosedale Street Ry. Co., 68 Tex. 163, 7 S. W. 381, in which the injunctive order was that it shall "remain in force only until the hearing of this cause," it was held that the writ could live so long, and no longer, "unless by some subsequent judicial action it was revived. It required no decree to dissolve it when the fact transpired which limited its duration." The case has been often referred to by our courts as stating the law governing similar writs, under similar conditions. In Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14, it was said that the judge is authorized to place upon a preliminary injunction such limitations as to the time of its operation as he may see proper. We think it would be a strained construction to place upon the fiat of the judge to hold that it was intended that the restraining order should remain in force during the pendency of the suit, or for any time different from that stated in the order.

[2] If we are correct in the construction we place upon the restraining order as above, to the effect that the injunctive order was one that expired by its own limitation, then it was not such a temporary injunction from which an appeal could be prosecuted, as provided by article 4644, R. S., as amended by Acts 36th Leg. c. 17, p. 22 (Vernon's Ann. Civ. St. Supp. 1922, art. 4644).

[3] But if it was an order from which an appeal would lie, nevertheless the restraining order has expired by its own terms and is no longer operative, and the question of costs only remains, and this court will not retain jurisdiction for the purpose of determining a question of costs. Sanders v. Bledsoe (Tex. Civ. App.) 180 S. W. 926.

For the reason stated, the appeal is dismissed.