**ROBINSON et al. v. THEIS et al.　(No. 7008.)**

(Court of Civil Appeals of Texas. San Antonio. April 11, 1923. On Motion to Retax Costs, May 16, 1923.)

1. **Injunction** ⬦150—**Temporary restraining order until date of hearing and further order of court expires on date named.**

In an action for injunction an order requiring defendants to show cause why a temporary injunction should not be granted, and in the meantime restraining them until the further order of the court from the acts sought to be enjoined, will be construed to effectuate the intention of the court to prevent the threatened acts only until the date set for the hearing of the order and the order is effective only until the date set, regardless of whether the hearing was held or not.

2. **Appeal and error** ⬦781(4)—**Appeal from temporary restraining order dismissed where restraining order has become ineffective by expiration of time.**

On an appeal from an order to show cause why a temporary injunction should not be granted which restrained the defendants from the commission of the threatened acts until the further order of the court, being necessarily construed to expire on the date set for the hearing, and the appeal not having been heard until after that date, the question becomes moot and the appeal will be dismissed.

3. **Injunction** ⬦150—**Restraining order against establishment of cemetery without notice or hearing erroneous.**

The issuance of a restraining order without notice and without opportunity to be heard to prevent the owners of land from lawfully

establishing a cemetery thereon on remote and conjectural charges of injury is error.

### On Motion to Retax Costs.

**4. Costs ⬉232—Costs taxed against appellant on dismissal of appeal.**

On dismissal of an appeal because the question had become moot, costs will not be assessed against the appellee, he not being responsible for perfecting the appeal, which should be the test, though the proceeding in which the order appealed from was issued was without merit.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit for injunction by F. Theis, Sr., and others, against A. Robinson and others. From an order to show cause why a temporary injunction should not be granted and an order for a restraining order ending the further order of the court, defendants appeal. Appeal dismissed.

Cobbs & Wiggin, of San Antonio, for appellants.

S. Engleking, of San Antonio, for appellees.

SMITH, J. Theis and others brought this action against Robinson and others, praying for a "temporary restraining order and a writ of temporary injunction," and, upon "final hearing," for a perpetual injunction, restraining Robinson and his associates from establishing a cemetery at a certain location about two miles southeast of the corporate limits of the city of San Antonio. The same controversy was the subject of a different action recently disposed of in this court, No. 6965, J. L. Farb et al. v. F. Theis et al., 250 S. W. 290. In the present suit the trial court entered the following order:

"When the plaintiffs shall have given a bond in the sum of $500, conditioned as required by the statute, the clerk will issue notice to the defendants requiring them to appear before the court on the 4th day of April, 1923, at 10 o'clock a. m., then and there to show cause why the temporary injunction herein prayed for should not be granted, and the clerk will also issue a restraining order addressed to said defendants requiring them to refrain until further order of this court from any of the acts herein sought to be enjoined."

In view of the disposition to be made of this appeal it should be added that the court was in session at a regular term at the time the foregoing order was made. No appearance was made for the defendants, and the order appears to have been granted upon the petition, and without notice.

We are at once confronted with the question of whether or not the order entered is one from which an appeal could properly be taken. It is contended by appellees that the relief granted was a "temporary restraining" order, and that it was not a "temporary injunction"; that while an appeal can properly be taken from an order granting a temporary injunction, no appeal can properly be taken from a "temporary restraining order." The question presented is an interesting one, and its solution is rendered obscure by a number of decisions which do not all co-ordinate by any means. Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14; Baumberger v. Allen, 101 Tex. 352, 107 S. W. 526; Ex parte Zuccaro, 106 Tex. 197, 163 S. W. 579, Ann. Cas. 1917B, 121; Hoskins v. Cauble (Tex. Civ. App.) 198 S. W. 629; Houston Ice & Brewing Co. v. Clint (Tex. Civ. App.) 159 S. W. 409; Soto v. State (Tex. Civ. App.) 171 S. W. 279; Holbein v. De La Garza, 59 Tex. Civ. App. 125, 126 S. W. 42; Holman v. Cowden (Tex. Civ. App.) 158 S. W. 571; Beirne v. Gas Co. (Tex. Civ. App.) 221 S. W. 301; Griffith v. State (Tex. Civ. App.) 210 S. W. 293; Hartzog v. Seeger Co. (Tex. Civ. App.) 163 S. W. 1055; Caswell v. Fundenberger, 47 Tex. Civ. App. 456, 105 S. W. 1017; Jaynes v. Burch (Tex. Civ. App.) 151 S. W. 596; City of Houston v. Richter (Tex. Civ. App.) 157 S. W. 189; Berger v. De Loach, 52 Tex. Civ. App. 242, 113 S. W. 557; Walstein v. Nicholson, 47 Tex. Civ. App. 359, 105 S. W. 207; Cole v. Forto (Tex. Civ. App.) 155 S. W. 350. But, as the appeal must be dismissed upon another ground, we will not discuss or undertake to decide the jurisdictional question mentioned.

[1] It will be observed that in the restraining order, which was made on March 29th, the trial court set the matter for hearing on April 4th, on which date the defendants were required to "show cause why the temporary injunction herein prayed for should not be granted," and that the defendants were restrained from doing the acts complained of "until further order" of that court. The restraining order was provisional in its nature, and obviously was made only to prevent the threatened acts until the hearing, set for April 4th, at which time the court intended to ascertain from evidence whether the temporary injunction prayed for should be granted or denied. Such being the court's intention, the restraining order will be construed and given effect in consonance with that intention, and by that construction it was rendered effective until the date named, but no longer; and by its own terms, as so construed, it expired on April 4th. In other words, when the object in view is considered, the order will be construed to require the defendants to refrain "until April 4th" from doing the things complained of, instead of "until further order of the court." Ex parte Zuccaro, 106 Tex. 197, 163 S. W. 579, Ann. Cas. 1917B, 121; Griffith v. State (Tex. Civ. App.) 210 S. W. 293.

[2] Prior to the decision in the Zuccaro

Case the rule had been established that when in cases like this the restraining order was by its own terms made effective "pending the hearing" therein provided for, such order operated only until the date fixed for the hearing, and terminated on that date, regardless of whether the hearing was then had or not. Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14. In the Zuccaro Case this rule was extended to embrace cases where the injunction was made effective "until further order" of the court, as in this case. The order appealed from in the Zuccaro Case was of the precise effect as the order in the instant case; it was issued on January 27th, the hearing was set for February 3d, and the defendants restrained "until further orders of this court." Subsequent to February 3d, and before the hearing or any other proceeding was had in the case, a defendant committed an act prohibited in the restraining order, and was cited for contempt. He was adjudged guilty of contempt by the trial court, but on appeal discharged by the Supreme Court, upon the ground that the restraining order terminated on the date set for the hearing, and was no longer effective after that date. Chief Justice Phillips, said in the opinion:

"In the opinion of this court delivered by Chief Justice Gaines, in Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14, the classification of injunctions under our practice is thus stated:

" '1. A restraining order, which is defined to be: "A restraining order is an interlocutory order made by a court of equity upon an application for an injunction and as part of the motion for a preliminary injunction, by which the party is restrained pending the hearing of the motion." 2. One which is intended to operate, and which does operate unless dissolved by an interlocutory order, until the final hearing; and, 3. A perpetual injunction which can be properly ordered only upon a final decree.'

"In that case the district judge had ordered by fiat indorsed upon the plaintiff's petition that the defendants appear upon a date named to show cause why permanent injunction should not issue, and that a restraining order issue to the defendants as prayed for, pending such hearing. It was held that the order issued upon the authority of the fiat was only temporary in its character and expired upon the date appointed for the hearing. The fiat here involved is not in the same terms as the one considered in that case, but there can be no doubt under this authority that the only effect of the order was to temporarily enjoin the defendants, and, there having been no continuance of the injunction, it expired on the date appointed for the hearing.

"The court appears to have been in session on January 27, 1912, the date the petition was presented and the order made. The cause could not, of course, have come on for final hearing until the succeeding term, unless an appearance was entered, which was not done. Accordingly it was not subject to be finally heard on February 3, 1912; and in ordering that 'this cause (is) set down for hearing' for that date, the judge could not have intended that any other hearing be had than one for the purpose of determining whether an injunction should issue, operative until the final hearing. This must be true since he was without authority to try the cause on that date, which was only seven days subsequent to the date of his order; and unless the hearing thus appointed was for the purpose stated, his ordering a hearing for such date was a vain act. If the hearing was fixed for the purpose of determining whether an injunction should issue, and such it seems to us is the obvious effect of the order, it is clear that the injunction originally ordered was provisional in its nature, and was intended to be operative only until the date named for the hearing. Otherwise, there was no occasion for the hearing.

"It is manifest under the record presented to us that the injunction expired on February 3, 1912. The judgment of contempt, based upon such injunction, for an alleged violation long subsequent to the date of its expiration, was therefore void and of no effect; and the relator should be discharged."

So, under that authority, the restraining order in this cause must be held to have expired by its own terms on April 4th, the date set for hearing the petition for injunction, and is no longer in effect. This being true, the question presented in the appeal is moot.

[3] Ordinarily, it would be appropriate to tax the costs of this action against appellants. But as the petition presents no ground whatever for the issuance of the restraining order without notice to, or an opportunity to be heard by, those whose property rights are obviously injured by the order, the costs of the appeal will be taxed against the appellees. The record affirmatively shows that appellants propose to exercise their inherent right to engage in a lawful enterprise upon premises to which they hold the unchallenged fee-simple title, and courts of equity will not destroy or suspend that right without giving the lawful holder thereof an opportunity to defend it against such remote and conjectural charges as those upon which this order was granted. Article 4651, R. S.

The appeal is dismissed, and the costs of appeal will be taxed against appellees.

Dismissed.

## On Motion of Appellees to Retax Costs.

[4] Upon consideration, we conclude that it would be inequitable to tax appellees with the costs of appeal. It cannot be said that appellees were responsible for perfecting the appeal, and that should be the test in taxing the costs.

Appellee's motion will be granted, and the judgment of dismissal reformed so as to tax the costs of appeal against appellants.