WOOD, County Judge, et al. v. BIRD.
(No. 2316.)

Court of Civil Appeals of Texas. El Paso.
Sept. 26, 1929.

A. M. Turney, Co. Atty., Van Sickle & Fisher and John Perkins, all of Alpine, and S. P. Weisiger, of El Paso, for appellants.

Mead & Metcalfe, of Marfa, for appellee.

WALTHALL, J. Mrs. J. C. Bird, appellee, on April 9, 1929, brought this suit against appellants, C. D. Wood, county judge, the county commissioners, naming them, and the county commissioners' court of Brewster county, to perpetually restrain appellants from opening up a proposed neighborhood road across lands owned by her, with prayer for temporary writ of injunction enjoining and restraining appellants from putting into effect the order of said commissioners' court theretofore made laying out said road and appointing a jury of view to assess the damages. The view we take of the case, we need not further state the proceedings of the commissioners' court.

Upon the presentation of the petition to the district judge, Hon. C. R. Sutton, on April 10, 1929, the judge, by his order of that date, granted the temporary injunction prayed for and directed the issuance of said writ upon the giving of the bond required. The order of the district judge enjoined and restrained appellants from opening said road or from opening the fences or gates through which the proposed road runs, or in any manner disturbing or interfering with the said property of the plaintiff, Mrs. J. C. Bird, "until the next term of the District Court of Brewster County, Texas, or until the further orders of said court, or the Judge thereof."

The writ was duly issued and the appellants enjoined and restrained as directed in said order. Appellants filed a motion to dissolve the said temporary injunction, which motion the district judge heard on May 11, 1929, and on said day entered an order that said motion to dissolve the temporary injunction be in all things overruled, and further ordered that said temporary injunction heretofore issued in said cause be continued in full force and effect, "until the next regular term of this court to be held on the 12th day of August, A. D. 1929," to which order appellants duly excepted and gave notice of appeal.

This appeal was perfected and filed in this court on May 28, 1929.

We have found no order in the record continuing, reviving, or in any way affecting the order of April 10, 1929, of the district judge, other than that extending the life of the temporary injunction until the 12th day of August, 1929, as above.

The result of the order continuing the temporary injunction in force until a day fixed in the order, and no further action thereon ordered or apparently contemplated, was a judicial determination by the court fixing the time beyond which the temporary writ granted would cease to be operative, and by so ordering changed the theretofore temporary injunction into a restraining order until the time fixed when it should cease to be operative. When the restraining order reached the end of its life and no further action was taken continuing it in force, it then had no further life or force and required no decree of court to dissolve it; it was then no longer a temporary injunction from which an appeal could be taken from an order of the court refusing to dissolve it. A similar case to this is that of Hudson v. Sunshine Oil Corporation (Tex. Civ. App.) 245 S. W. 765, and cases therein referred to.

But, as said by this court in the above-cited case, the question of law presented as to whether appellants should be restrained has become moot as to any necessity for restraint, the appellants not now being restrained by any order of the court.

For reasons stated this court is without jurisdiction to hear the case upon its merits, and the appeal is dismissed.

HIGGINS, J. (concurring). I incline to the view that the original order of April 10, 1929, was not a temporary injunction, as distinguished from a mere restraining order effective only until the next term of the district court. In that connection, see Ex parte Zuc-

caro, 106 Tex. 197, 163 S. W. 579, Ann. Cas. 1917B, 121; Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14; 32 C. J., Title Injunctions, § 10; 14 R. C. L. 306.

A temporary restraining order, as distinguished from a temporary injunction, is well known in our practice. Holman v. Cowden and Sutherland (Tex. Civ. App.) 158 S. W. 571.

In either event the order of May 11, 1929, limited its operation until August 12, 1929, and the original order became a mere temporary restraining order, as distinguished from a temporary injunction.

In further support of the view of the majority that the order of May 11, 1929, was not appealable, and that, in any event, the question has become moot, see also the following cases: Sanders v. Bledsoe (Tex. Civ. App.) 180 S. W. 926; City of Jacksonville v. Devereux (Tex. Civ. App.) 286 S. W. 572; Robinson v. Theis (Tex. Civ. App.) 252 S. W. 249; Lark v. Coyle (Tex. Civ. App.) 260 S. W. 1107.

Upon the authorities herein cited, as well as the case cited in the opinion of the majority, I concur in the disposition made of the appeal.