**JOHNSON et al. v. SUNSET STORES, Inc., et al.**

**No. 2439.**

Court of Civil Appeals of Texas. El Paso.

April 17, 1930.

Rehearing Denied May 7, 1930.

"The above and foregoing petition being on this the 17th day of January, 1930, presented to me in chambers, and it having been made to appear that the Honorable J. A. Drane, Judge of the One Hundred Ninth Judicial District, wherein said cause arises, has refused to act upon the prayer as contained in said petition for preliminary relief, the reasons therefor as stated by said judge are made part hereof, and said refusal being further made to appear by the affidavit of A. H. Culwell, hereto attached, I, after consideration of plaintiffs' verified petition, have concluded that the plaintiffs are entitled to certain of the restraining orders as therein prayed for.

"It is, therefore, by me ordered that upon the filing of said petition in the office of the District Clerk of Reeves County, and the giving of bond as required by law and conditioned as required by law, in the sum of Two Thousand Dollars ($2,000.00), same to be approved by the Clerk of the District Court of Reeves County, the said clerk shall forthwith issue a restraining order wherein and whereby the defendants, except Security State Bank, shall be restrained as follows:

"(a) From disposing of any of the assets of the Pecos Mercantile Company, save and except merchandise may be bought or sold in the due and orderly conduct of the regular business of said corporation.

"(b) It is further ordered that each and all of the defendants herein be, and they are hereby, restrained and enjoined from taking any action at the annual meeting of the stockholders of the Pecos Mercantile Company now called to be held at Pecos, Texas, on January 20th, 1930, or any other meeting of the stockholders of said Corporation, other than to postpone such meeting until hearing is had on the injunction herein prayed for.

"(c) It is further ordered that the defendant Security State Bank is here and now restrained from paying any checks drawn on and against an account in said bank standing in the name of the Pecos Mercantile Company as a special account, whether said account be for $40,000.00 or other amount.

"(d) This restraining order shall remain in full force and effect until further orders herein and hereon by courts or judges of competent jurisdiction. And the Clerk of the District Court of Reeves County is directed to cause certified copies of these orders to be made, which shall be served upon the defendants herein, said service to be accomplished as to those defendants found within the jurisdiction of this court in the manner and form that writs of injunction are required to be served, and as to those defendants without the jurisdiction of this court, said service shall be accomplished by sending to them and each of them, by United States Mail at their last

Hubbard & Kerr, of Pecos, and Turney, Burges, Culwell & Pollard, of El Paso, for appellants.

Henry G. Russell, and Starley & Hudson, all of Pecos, and Kemp & Nagle, of El Paso, for appellees.

PELPHREY, C. J.

On the 16th day of January, 1930, appellants presented their petition for injunctive relief and the appointment of a receiver to Hon. J. A. Drane, judge of the One Hundred Ninth judicial district, who certified his disqualification.

The petition was then presented to Hon. Ballard Coldwell, judge of the Sixty-Fifth judicial district, who entered the following order:

known address, a certified copy of these orders, and in each and all of the orders so served the said defendants shall be notified to appear before the One Hundred Ninth District Court, at Pecos, Reeves County, Texas, on the 27th day of January, 1930, at ten o'clock, at which time they shall 'show cause why a temporary injunction should not issue herein as prayed for by plaintiffs, and said defendants shall be further notified that a hearing will be held before said court on the 27th day of January, 1930, at Pecos, Reeves County, Texas, at ten o'clock, at which time it will be determined whether or not a receiver shall be appointed to take possession of the properties of the Pecos Mercantile Company as prayed for in plaintiff's petition."

On February 8, 1930, Hon. W. R. Chapman, presiding judge of the Seventh judicial district of Texas, ordered the Hon. Chas. L. Klapproth, judge of the Seventieth district, to exchange districts with the Hon. J. A. Drane for the purpose of hearing this cause, and on February 27, 1930, the Hon. Chas. L. Klapproth rendered the following judgment therein:

"This cause coming on for hearing on this the 27th day of February, 1930, on motion of some of the defendants to dissolve the temporary restraining order heretofore issued and the court after considering the same and being of the opinion that the general demurrer as presented by said defendants to plaintiffs' petition was well taken and should be sustained, it is, Therefore, Considered, Ordered and Adjudged by the Court that said demurrer as so presented is in all things sustained, and the temporary restraining order heretofore issued is in all things dissolved and set aside, and to the action of the court in sustaining such general demurrer and dissolving the restraining order heretofore issued, the plaintiffs and each of them, in open court duly excepted and gave notice of appeal to the Court of Civil Appeals of the Eighth Supreme Judicial District of Texas, at El Paso, Texas.

"It is further ordered by the Court that upon the plaintiffs giving supersedeas bond in the sum of $25,000.00 payable and conditioned as by law required, same to be approved by the Clerk of this Court, the order and judgment as hereinabove entered is and the same shall be suspended pending the appeal of this cause."

The aforesaid supersedeas bond was executed by the plaintiffs, and the case is now before this court.

## Opinion.

Appellees have presented their motion to dismiss this appeal for the reason that the order above quoted was not an order refusing a temporary injunction, but was merely an order dissolving a temporary restraining order from which no appeal is provided by statute.

Appellees contend that the temporary order issued by Hon. Ballard Coldwell, and which was set down for a hearing on January 27, 1930, expired on that date, and that the agreement to postpone the hearing did not have the effect of continuing the order in effect.

We are of the opinion that the order made by Hon. Ballard Coldwell was merely a temporary restraining order and expired upon the 27th day of January, 1930, and, unless continued in force by an additional order of the court, expired on that date. Ex parte Rains, 113 Tex. 428, 257 S. W. 217; Ex parte Zuccaro, 106 Tex. 197, 163 S. W. 579, Ann. Cas. 1917B, 121; Robinson v. Theis (Tex. Civ. App.) 252 S. W. 249; Cole v. Forto (Tex. Civ. App.) 155 S. W. 350, 351; Beirne v. North Texas Gas Co. (Tex. Civ. App.) 221 S. W. 301.

The fact that the parties considered same as being still in effect at the date of the hearing before Hon. Chas. L. Klapproth does not, we think, alter the situation. If the restraining order ceased to be of force and effect, as a matter of law, on the 27th of January, the belief of the parties and the judge to the contrary would not change it.

If we are correct in our conclusion that the order was only a temporary restraining order, and that it ceased to be of effect on January 27th, then at the time of the hearing on February 27, 1930, there was nothing in existence for the court to dissolve, and therefore his action on that date was merely the sustaining of the general demurrer to the petition.

It has repeatedly been held in this state that merely sustaining a demurrer to plaintiffs' petition where the court makes no further order does not constitute a final judgment. Kuehn v. Kuehn (Tex. Com. App.) 242 S. W. 719, 720; Land & Loan Co. v. Winter, 93 Tex. 560, 57 S. W. 39; Dixon et al. v. Sanderson et al. (Tex. Sup.) 6 S. W. 831.

As said in the case of Kuehn v. Kuehn, supra: "The ruling of the court would lead logically to the rendition of a final judgment of dismissal, but this is not sufficient. There must be a judgment of dismissal before it can be said that there is a final judgment. So long as there was no final judgment, the cause was pending before the court, and it was within the power of the court to permit defendant in error to amend or to take a nonsuit."

From what has been said the order did not constitute a refusal to grant a temporary injunction.

The appeal is therefore dismissed.

## On Rehearing.

In Ex parte Zuccaro, 106 Tex. 197, 163 S. W. 579, 580, Ann. Cas. 1917B, 121, the Supreme Court quotes the case of Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14, as to the classi-

fication of injunctions under our practice, thus:

"(1) A restraining order, which is defined to be: 'A restraining order is an interlocutory order made by a court of equity upon an application for an injunction and as part of the motion for a preliminary injunction, by which the party is restrained pending the hearing of the motion.'

"(2) One which is intended to operate, and which does operate unless dissolved by an interlocutory order, until the final hearing. And (3) a perpetual injunction which can be properly ordered only upon a final decree."

In the present case the fiat provides in paragraph (b) as follows:

"It is further ordered that each and all of the defendants herein be, and they are hereby, restrained and enjoined from taking any action at the annual meeting of the stockholders of the Pecos Mercantile Company now called to be held at Pecos, Texas, on January 20th, 1930, or any other meeting of the stockholders of said Corporation, other than to postpone such meeting until hearing is had on the injunction herein prayed for."

The hearing referred to could be, in our opinion, only the hearing of date of which is subsequently fixed in the fiat.

In paragraph (d) the court says:

"This restraining order shall remain in full force and effect until further orders herein and hereon by courts or judges of competent jurisdiction. And the Clerk of the District Court of Reeves County is directed to cause certified copies of these orders to be made, which shall be served upon the defendants herein * * * and in each and all of the orders so served the said defendants shall be notified to appear before the One Hundred Ninth District Court, at Pecos, Reeves County, Texas, on the 27th day of January, 1930, at ten o'clock, at which time they shall show cause why a temporary *injunction* should not issue herein as prayed for by plaintiffs."

Appellants contend that the first part of the paragraph in which it is provided that the order shall remain in full force and effect until further orders herein and hereon by courts or judges of competent jurisdiction should control the character of the injunctive relief granted, and that because of such provision the restraint continued in force until Judge Klapproth entered his order dissolving the restraining order on February 27, 1930, thirty days after the date set for the hearing in the fiat.

Under the classification above quoted, this was either an interlocutory order made by the court by which the party is restrained pending the hearing of the motion or an order intended to operate, and which would operate, unless dissolved by an interlocutory order, until the final hearing. If it was the for-

mer then it was proper that the court should designate a time and place for a hearing, and, if the latter, then the first part of the order was entirely sufficient.

In this case the One Hundred and Ninth district court was not in session in Reeves county on the 27th day of January, chapter 19, Acts 41st Legislature, p. 51 (Vernon's Ann. Civ. St. art. 199—109); consequently the cause was not subject to be finally heard on that date, and, using the words of Justice Phillips in the Zuccaro Case, supra, "in ordering that 'this cause (is) set down for hearing' for that date, the judge could not have intended that any other hearing be had than one for the purpose, of determining whether an injunction should issue, operative until the final hearing. This must be true, since he was without authority to try the cause on that date, which was only seven days subsequent to the date of his order; and, unless the hearing thus appointed was for the purpose stated, his ordering a hearing for such date was a vain act. If the hearing was fixed for the purpose of determining whether an injunction should issue, and such it seems to us is the obvious effect of the order, it is clear that the injunction originally ordered was provisional in its nature, and was intended to be operative only until the date named for the hearing. Otherwise there was no occasion for the hearing."

It seems to us that the above reasoning applies with equal force here as it did to the facts there discussed. Nor can we agree that the use of the words upon which appellants depend to keep the restraint alive after the date named for the hearing would have that effect.

In Zuccaro Case, supra, the fiat of the court restrained defendants "until further orders of this court"; yet the court held that the injunction expired on the date fixed for the hearing. The holding in the case of Robinson v. Theis (Tex. Civ. App.) 252 S. W. 249, is to the same effect.

■■ We adhere to our former opinion that the order made by Judge Coldwell was a temporary restraining order, expired on January 27, 1930, and we cannot see how the fact that no Judge was designated to try the cause until after that time could serve to change its character. If we are correct in that conclusion, then Judge Klapproth's action in dissolving the temporary restraining order was of no effect, there being no restraining order in force for him to dissolve, and, even if an appeal would lie from such an order, which we dispute, there could be none under the facts here.

■ Granting or refusing motion to dissolve temporary restraining orders are not appealable under article 4662, Revised Statutes. Hudson v. Sunshine Oil Corporation (Tex.

Civ. App.) 245 S. W. 765; Lark v. Coyle (Tex. Civ. App.) 260 S. W. 1107; Wood v. Bird (Tex. Civ. App.) 20 S.W.(2d) 221.

Appellants have cited us to the case of American Construction Co. v. Seelig (Tex. Civ. App.) 131 S. W. 655; as authority for their contention that appeals will lie in such cases.

We find that the court used the language referred to by appellants, but we think the same was used inadvertently, because from a reading of the opinion it appears that, when the petition was presented, the court set the case for hearing on the 7th of June; that on that day he heard evidence, and ordered the clerk to issue "a temporary restraining order, or writ of injunction, restraining and enjoining said construction company, its officers, servants, agents and employees, until the final hearing of the cause," from doing the things complained of.

It thus appears that the order constituted a temporary injunction and not a temporary restraining order.

As to whether the sustaining of the general demurrer constituted a refusal to grant a temporary injunction is more doubtful, and the argument presented by appellant's counsel on this question has considerable merit. In the discussion of the question in the original opinion the writer probably failed to set forth as clearly as he should the particular thought he had in mind.

■ What the writer had in mind then was that the sustaining of the general demurrer to the petition did not have the effect that appellants now contend it did, for the reason that our courts have held that the sustaining of a general demurrer did not amount to a final determination of the rights of the parties resulting from the ruling made.

As said by the Supreme Court in Land & Loan Co. v. Winter, 93 Tex. 560, 57 S. W. 39, 40, in passing upon the effect of the sustaining of a general demurrer: "We cannot agree, however, to the proposition that the action then taken by the court was a final disposition of the case or of any issue in it, as to any party to it. The entry made was nothing more than the recorded expression of the ruling of the court sustaining the exceptions. If the dismissal of the case should have logically followed from the ruling made, it was nevertheless essential to the finality of the action of the court that it should have declared such consequence by the judgment pronounced. It is not sufficient to constitute a final judgment that the court make a ruling which should logically lead to a final disposition of the cause, but the consequence of the ruling to the parties must be also declared."

And again: "But it cannot even be conceded that a dismissal of the plaintiff's action necessarily followed from the ruling announced by the court upon exceptions. The plaintiff, notwithstanding such ruling, had the right to amend its pleadings so long as the case remained in court. If the plaintiff declined to amend, or failed to ask leave to amend, the court, if it considered that the ruling on exceptions established that there was no cause of action sufficiently averred in the petition, might have dismissed the case; but the dismissal in such cases 'is the immediate consequence, rather, of the failure to amend, than of the judgment upon demurrer.' Hughes v. Lane, 25 Tex. 366."

Near the conclusion of the opinion the court says: "Notwithstanding the opinion previously expressed in the ruling on the exceptions, the court, when it came to finally dispose of the cause, had complete power to render such judgment as in its opinion the rights of the parties demanded; and, if such judgment was inconsistent with the order made upon the exceptions, the order must give way to the judgment, instead of limiting its effect."

■ The above holding, together with the other authorities cited in the original opinion, and particularly the reason given by the court, seem to us to be equally applicable to the case at bar and lead us to conclude that Judge Klapproth's action in sustaining the general demurrer did not dispose of the rights of appellants on the question of whether or not they were entitled to a temporary injunction, that they had the right to amend, or that the question remained before the court, and that he, after the ruling made, could have entered a judgment entirely inconsistent with such order. Appellants have referred us to the case of Vogelsang v. Gray (Tex. Civ. App.) 224 S. W. 535, 539, as supporting their contention. We do not believe the case to be in point.

A reading of the record in that case reveals that a temporary injunction was first issued by the court, and that upon the motion to dissolve the court used the following language: " * * * And the court thereupon ordered that he would hear and determine the questions of law only touching the sufficiency of plaintiffs' petition, said question of law raised by said demurrer being argued and submitted to the court, the same were by the court duly considered and overruled, and the court adjudged that the order granting the injunction would be allowed to remain in force, pending further determination of the matter of fact at issue between plaintiff and defendant, and refused to dissolve said injunction."

The court not only overruled the demurrer, but went further and refused to dissolve the injunction.

The statute provides for appeal from the overruling of a motion to dissolve a temporary

injunction, and consequently what the court said in that case could not possibly apply here.

The motion is accordingly overruled.