BOYD v. DUDGEON et al.   (No. 5860.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 24, 1917. Rehearing Denied Feb. 14, 1917.)

1. APPEAL AND ERROR ⬤⇒71(3)—INJUNCTION ⬤⇒118(5)—DECISIONS APPEALABLE — REFUSAL OF INJUNCTION — SUSTAINING DEMURRER.

Under Rev. St. 1911, art. 4644, providing for appeals from orders granting, refusing, or dissolving temporary injunctions, where the pleadings did not seek a temporary injunction, the prayer being for a permanent injunction, no appeal lies from an order sustaining a demurrer and denying the injunction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 393–398; Dec. Dig. ⬤⇒ 71(3); Injunction, Cent. Dig. §§ 239–241; Dec. Dig. ⬤⇒118(5).]

2. INJUNCTION ⬤⇒140—PLEADING — PRAYER FOR RELIEF.

Injunction will not be granted under a prayer for general relief, and a temporary injunction will not be granted unless specifically prayed for.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 312; Dec. Dig. ⬤⇒140.]

Appeal from District Court, Calhoun County; John M. Green, Judge.

Suit by Alexander Boyd against F. M. Dudgeon and others. From a decree for defendants, plaintiff appeals. Cause dismissed.

Willett Wilson and Newton & Newton, all of San Antonio, for appellant. R. H. Hamilton, of Port Lavaca, for appellees.

FLY, C. J. This is a suit brought by appellant to enjoin appellees, who form the commissioners' court of Calhoun county, "from opening the polls * * * and counting the votes cast thereon of a certain local 'option liquor election," "and from making an order declaring the result of said election," and "from causing the publication of the order of the court declaring the result and prohibiting the sale of liquors." The matter was heard in chambers in De Witt county by the district judge, and a general demurrer sustained to the pleadings, and the injunction denied.

This appeal cannot be sustained unless it was taken from an interlocutory order refusing a temporary injunction, as provided in article 4644, Rev. Stats. The pleadings in this case did not seek a temporary writ of injunction, but the prayer is for a permanent injunction. It has been held in some states and is found in the chancery practice of others, that a temporary writ or restraining order will not be granted unless specifically prayed for in the bill. Savage v. Parker, 53 Fla. 1002, 43 South. 507; Church v. Conover, 27 N. J. Eq. 157; Joyce on Inj. §§

132, 133, and notes. As said in the Florida case:

"Obviously this prayer cannot be held to relate both to a restraining order, or temporary injunction, and to a perpetual injunction, and, to say the least of it, it is left in doubt as to which was intended. That it is irregular and improper to grant a preliminary or temporary injunction or restraining order, unless [it] is specifically prayed for in the bill. See equity rule 25. * * *"

See, also, Beach on Injunctions, § 132. An injunction will not be granted under a prayer for general relief.

The cause will be dismissed.