**ARCHERD v. GANNAWAY.   (No. 7756.)**

Court of Civil Appeals of Texas.   San Antonio.
April 13, 1927.

Rehearing Denied May 11, 1927.

1. **Contracts ⬥198(2)—Building contractor held not required to furnish materials not specified or pay more than prices fixed in contract.**

Under contract not only requiring contractor to furnish at his own expense all new material necessary to reconstruct razed building, but stipulating specific materials to be furnished and prices to be paid, contractor could not be required to furnish other materials or pay more than such prices.

2. **Contracts ⬥231(1)—Owner's option to purchase materials and credit amount on building contract price did not authorize him to charge more than prices stipulated.**

Building reconstruction contract, giving owner option to purchase new material and credit amount on contract price, did not authorize him to charge contractor more than prices stipulated in preceding provision for specified materials to be furnished by contractor.

3. **Appeal and error ⬥219(2)—Appellant not requesting additional or more specific fact findings cannot complain of court's findings.**

Party not requesting additional or more specific findings of fact by court will not be heard to say on appeal that court's findings are insufficient.

4. **Damages ⬥121—Owner completing building on contractor's default could not charge contractor more than prices stipulated for materials to be furnished by latter.**

Owner undertaking to complete reconstruction of building on contractor's failure to do so could not charge contract or for other materials purchased by owner than those provided for in schedule of materials to be furnished by contractor, nor charge more than scheduled prices.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by T. M. Gannaway against G. E. Archerd, who filed a cross-action. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Jas. G. Cook, of Sinton, for appellant.

Edward B. Ward, M. D. Brown, and S. Eldon Dyer, all of Corpus Christi, for appellee.

SMITH, J.   T. M. Gannaway owned an apartment house in Aransas Pass, San Patricio county, which he desired removed from that place and rebuilt in the city of Corpus Christi, Nueces county. He entered into a contract with G. E. Archerd to raze the building, remove the material to Corpus Christi, and then reconstruct it in accordance with certain plans, which were attached to the contract when executed but were later detached and lost. It was provided in the contract that in reconstructing the building the old material should be used in connection with such new material as was made necessary by the plans agreed upon, and it was stipulated that Archerd should at his own expense furnish the labor and additional material required in razing, moving, and reconstructing the building. The contract was crudely drawn and some of the provisions are ambiguous and uncertain in effect, but neither party sought by pleadings to procure a construction or reformation of the instrument. It may be said, generally, that under its terms Archerd was obligated at his own expense to furnish all labor and such new material as were necessary in the work of razing, removing, and rebuilding, including the installation of plumbing and gas and lighting facilities. In other words, he was obligated to complete the made-over structure for use as an apartment house.

Archerd, the contractor, did not complete the work of rebuilding, and when he ceased to perform, Gannaway, the owner, did complete it. This lawsuit, of course, was the result. Gannaway brought suit against Archerd, and alleged that Archerd had breached the contract, forcing the former to complete the work provided for at an expense of $1,332.62 in excess of the price fixed in the contract; that because of the breach the completion of the work was delayed 59 days beyond the time provided in the contract, thereby entitling the plaintiff to a penalty of $5 a day for the excess time, aggregating $295. The plaintiff prayed for judgment accordingly. Archerd defended the suit by the usual pleas, and by cross-action prayed for recovery against Gannaway in the sum of $1,206.50, alleged to be due him under the contract, which he claimed had been breached by the plaintiff, or, in the alternative, upon the quantum meruit. Other elements of the defendant's answer will be adverted to later.

The cause was tried by the court without a jury, and judgment was rendered for Gannaway in the sum of $1,151.28, with interest, and against Archerd on his cross-action. The latter has appealed.

[1] It was provided in the contract, in general terms, that appellant should at his own expense furnish all new material necessary to perform the work provided for. Under this provision appellant was obligated to purchase, pay for, and install all material necessary for the completion of the building according to the agreed plans, regardless of the cost thereof to him. But appellee, who rejected other forms of contract and dictated and insisted upon the form finally agreed upon, was not satisfied with the above-mentioned general provision. He wanted provisions specifically describing the various materials to be furnished by appellant, and specifying the cost price thereof, so that he would know in ad-

vance precisely what the improvement was to cost him. Accordingly, a stipulation was inserted for this purpose, in which it was provided that appellee "agrees to furnish new material to be used in the construction of said apartment house as follows," setting out the specific items and the price of each, such as, for example, "Paint, $80; roofing, $104; plumbing, $420; hardware, $20; new lumber, $120," etc. It is perfectly obvious that this specific provision relates to, and is explanatory and a modification of, the preceding general clause requiring the contractor to furnish, pay for, and install all materials necessary to complete the planned structure, regardless of the cost of such materials. The subsequent and modifying provision operated to designate the specific materials that were to go into the building, and fixed the prices the contractor was to pay for those materials. He was required to furnish the materials so specified, but could not be required to furnish others than those specified; and he was required to pay as much for them as the amounts specified, if necessary to secure them in the required grade, but no more. The provision fixed the extent of his liability both as to materials and the amounts of his expenditures therefor.

[2] At the instance of appellee it was further stipulated in the contract that:

"Second party shall have the option of purchasing any or all new material to be used in the construction of said apartment house; he shall be credited for such amount so purchased on the consideration price of this contract as hereinafter stipulated."

This stipulation was followed by the provision specifying the materials to be furnished by appellant and the prices to be paid therefor. The apparent object of the quoted stipulation was to enable appellee to take advantage of any opportunity afforded him of getting the materials at lower prices than those stipulated, or upon credit, thus enabling him in the one case to save on the cost and in the other to preserve his cash balance, which was low. So, by the terms of the stipulation appellant had the option of himself furnishing any particular material named in the schedule, and in such cases the amount allowed appellant in the agreed schedule was to be deducted from the total to be paid him under the provisions of the contract. But the exercise of this option by appellee did not relieve appellant of the obligation to install the material so obtained. Nor was appellee authorized by that stipulation to charge a greater sum against appellant for a specific material than that stipulated in the schedule of prices. In other words, and for example, it was provided in the contract that appellant should furnish piping to the extent and in the amount of $20; appellee was not authorized under his option to charge more than that amount against appellant, even though appel-

lee should pay more than that sum for the piping. This somewhat tedious analysis of the contract seems to be necessary to a clear disposition of the case made in the appeal, and for the guidance of the court below upon another trial.

Under the terms of the contract appellee was to pay appellant $3,322, in installments of $250, $250, $500, $722, and $500, at stated intervals during the progress of the work, and $1,100 upon the completion of the work. The initial payment of $250 was paid before it was due; the third installment, of $500, was paid before the second, of $250, was due, because of an overlapping of two stages of the progress of the work. The second installment was never paid, but another payment of $500 was paid, making a total payment of $1,250. In addition to earning these installments, appellant expended $234.25 in the purchase of materials scheduled in the contract.

It is conceded that appellant abandoned the work under the contract before that work was completed. Appellant contends that he abandoned the work because appellee had breached the contract by failing to pay appellant the installments as they matured; while appellee contends that appellant failed and refused to perform the obligations of his contract, and that for this reason appellee was obliged to take over the project and himself complete it. These issues were of fact, and the evidence is such that we cannot say the court erred in resolving them against appellant. So we are relegated to the question of the proper application of the law to the findings of fact of the trial court.

[3] The trial court's findings of fact are quite general in their nature, so that it is impossible to accurately determine from them the items allowed or rejected by the court in determining the amount of the judgment rendered. It was the duty of the party complaining of the inadequacy of these findings to request additional or more specific findings of fact, failing in which he will not be heard to say those findings are insufficient. Appellant is in that attitude here, and his complaints of the insufficiency of the findings must be disregarded.

[4] It may be said, generally, that when appellant abandoned or failed to complete the work assumed by him in the contract, and appellee himself undertook to complete that work, the latter was without authority to charge appellant with materials not provided for in the schedule of such materials embraced in the contract, nor to charge appellant with a sum in excess of the schedule of prices set forth in the contract. In other words, and for example, it was provided in the contract that appellant was to furnish wiring to the amount of $20; in taking over the contract after appellant's default appellee was not authorized to charge appellant with wiring in excess of the amount fixed, $20.

Now, it appears from his pleadings that in

completing the contract appellee purchased and charged appellant with materials in excess of the amount and cost of such materials fixed in the contract. This he was not authorized to do under the terms of that instrument. Had the appellee been content with the general provision in the contract requiring appellant to furnish all the material necessary to do the work according to the agreed plan, then he would have had the privilege, in taking over the project, to procure all such materials and install them, without limitation as to the amount or cost thereof, except that the material must be necessary under the agreed plans and the cost reasonable. It appears that the plans were not accompanied by the usual specifications of materials, but the schedule of materials and cost thereof embraced in the body of the contract served the purpose of such specifications, and appellee was bound thereby.

Having insisted upon a contract which specified the particular materials to be furnished by appellant, and fixing an arbitrary schedule of prices to be expended by appellant in purchasing those materials, appellee was required to complete the building within that schedule. It appears that he did not do so, but exceeded both the amount of materials and the cost thereof in completing the work begun by appellant, and the court at least in part allowed such excess to be charged against appellant in measuring the damages recovered by appellee. The record is not presented here with such clarity as to enable this court to work out the precise result and render judgment thereon, but it is sufficient to show substantial error requiring reversal.

The judgment is therefore reversed and the cause remanded for another trial in consonance with this opinion.