## YELLOW CAB & BAGGAGE CO. v. CITY OF AMARILLO et al. (No. 3319.)

Court of Civil Appeals of Texas. Amarillo.
Sept. 25, 1929.

Fletcher & Bishop, of Amarillo, for appellant.

Underwood, Johnson, Dooley & Simpson, Vance Huff, and Rip E. Underwood, all of Amarillo, for appellees.

HALL, C. J. The appellant cab company sued the city of Amarillo, the mayor, the commissioners, and chief of police of said city, seeking an injunction restraining the defendants from arresting plaintiff's cab drivers upon complaints charging said drivers with violating a city ordinance regulating the business of plaintiff and other cab drivers while soliciting passengers at the several railway depots in the city of Amarillo. The prayer of the petition is as follows:

"Wherefore the plaintiffs pray for a writ of injunction against the city of Amarillo, the mayor, the commissioners, and chief of police thereof, that they may be restrained from the arrest of plaintiffs, of their agents, servants, or representatives in the conduct of their said business of soliciting business on the platforms of said railway depots, and that they be restrained from 'interfering with the conduct thereof in any manner whatsoever, or in any manner they would prevent the plaintiffs in their free exercise of their rights under said contracts, or tending to interfere with said rights, or damaging or injuring the said plaintiffs in the property and contract rights so owned and possessed by them; that the defendants be cited to answer this petition, and that on final hearing the injunction be made perpetual, and that they have judgment for general relief and costs of suit."

The district judge granted a restraining order, effective for five days, and further ordered: "That a hearing be had upon said application for a temporary injunction at said time in the courtroom of the 108th judicial district court of Texas." Upon the hearing, in vacation, the court denied plaintiffs a temporary injunction, and the judgment recites: "That defendants and each of them are hereby released from the temporary restraining order heretofore issued." The appeal is from that order.

We have concluded that the appeal must be dismissed for want of jurisdiction. Under the general equity practice, only such relief will be granted as is *specifically* prayed for. Boyce, Justice, said in Hoskins et al. v. Cauble (Tex. Civ. App.) 198 S. W. 629, 630: "It seems to be the general rule that an injunction will not be granted unless *specifically* prayed for, a prayer for general relief not being sufficient, and extending this rule, a number of authorities, including a decision by the Court of Civil Appeals for the Fourth District of this state, hold that a temporary injunction will not be granted on a prayer for a perpetual injunction on final hearing. Boyd v. Dudgeon [Tex. Civ. App.] 192 S. W. 262, and authorities cited; Enc. Pleading and Practice vol. 10, p. 962; Cyc. vol. 22, p. 930; Standard Enc. Proc. vol. 13, p. 86, par. 7."

In Fort Worth Acid Works et al. v. City of Fort Worth (Tex. Civ. App.) 248 S. W. 822, 824, the prayer was practically the same as the prayer in the instant case. Judge Buck said: "It will be noted that there is no *special* prayer for a temporary restraining order, and, under the authorities cited, the absence of a *special* prayer for temporary restraint would make the petition insufficient to sustain an order and judgment for a temporary injunction."

The Supreme Court affirmed the judgment

of the Court of Civil Appeals in that case. To the same effect is the holding of Judge Levy in Miller v. Miller (Tex. Civ. App.) 294 S. W. 694, and two cases entitled City of Jacksonville v. Devereux (Tex. Civ. App.) 286 S. W. 572, 573. In City Council of City of Fort Worth v. Fort Worth Associated Master Plumbers & Heating Contractors (Tex. Civ. App.) 8 S.W.(2d) 730, Judge Buck again had this question under consideration, and cited the Fort Worth Acid Works Case, together with others holding to the same effect.

Judge Gaines said, in Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14, 16: "It is true that a 'restraining order' is an injunction, but the terms are commonly used to designate a temporary injunction, as distinguished from an injunction which is to remain in force during the pendency of the suit. The learned judge, in effect, directs that a restraining order shall be granted until it is determined whether a permanent injunction shall issue, which means an injunction to remain in force until the final determination of the suit, and not an injunction granted upon the final trial, which is called a 'perpetual injunction.'"

It would seem from other cases that the term "restraining order" is the order usually made by the court upon the presentation of the application, and usually provides that the defendant be restrained until a hearing of the application for a temporary injunction, or until some definite time fixed in the order.

■ Injunctions consist of either a "restraining order," made upon application as a part of a motion for a preliminary injunction, pending the hearing of the motion, or an order which operates, unless dissolved by an interlocutory order, until the final hearing, or a perpetual injunction, which can only be ordered upon final decree. Ex parte Zuccaro, 106 Tex. 197, 163 S. W. 579, Ann. Cas. 1917B, 121; Ex parte Mussett, 106 Tex. 200, 163 S. W. 580; James v. E. Weinstein & Sons (Tex. Com. App.) 12 S.W.(2d) 959.

Considering the prayer of the petition in this suit, the fiat indorsed thereon, and the writ issued on the order, the fiat commanding defendant to appear four days after the date of the fiat and show cause why "this order" should not be made permanent, and the writ containing the same recital, with the additional words "until the further order of this court, to be holden," etc., held, the injunction was not a temporary injunction, but a mere restraining order, operating only till the date for the hearing, and then expiring in the absence of any additional order continuing it in force. Ex parte Rains, 113 Tex. 428, 257 S. W. 217.

"Temporary injunction," "preliminary injunction," and "interlocutory injunction" are used interchangeably by the courts. It further appears, from a review of the decisions, that a permanent injunction or a perpetual injunction are synonymous terms, and refer to the final order of the court, which perpetually restrains the defendant. It must be admitted that there is much confusion in the use of the several terms above mentioned. In any event, the great weight of authority is to the effect that the plaintiff in an injunction proceeding must specify the particular kind of an order or injunction desired, and, that the relief granted cannot go beyond the specifications.

■ The granting of a restraining order upon a prayer for an injunction or a permanent injunction, presents fundamental error. Since the cab company did not specifically pray for either a restraining order or a temporary injunction, the trial court could neither grant nor deny such relief, and therefore had no jurisdiction. Since the trial court was without jurisdiction, this court has none, and the appeal is dismissed, without prejudice to the appellant's right to amend the petition in the lower court and further prosecute the action.

Appeal dismissed.