## MILLER v. STAFFORD et al.
### No. 3829.

Court of Civil Appeals of Texas. Amarillo.
Feb. 10, 1932.

Charles H. Dean, of Dimmitt, for appellant.

Carl Gilliland, of Hereford, for appellees.

RANDOLPH, J.

This suit was filed in the district court, in which the plaintiff Hallie Stafford, joined by her husband, George W. Stafford, seeks to restrain the sale of certain real estate alleged to be the wife's separate property, as the property of George W. Stafford, the husband, for the reason that the real estate was and is the separate property of the plaintiff Mrs. Stafford, and not subject to such sale.

The only question presented to us on this appeal is: The plaintiff's petition containing no specific prayer for the granting of a temporary injunction, the trial court erred in granting such temporary injunction.

The petition, after stating the facts upon which relief is asked, contains the following prayer: "Premises considered, plaintiffs pray that this petition be heard in vacation, and that the plaintiffs be granted an injunction against the defendants and each of them, restraining the defendants and each of them, from selling said lands, or causing the same to be done under the said execution, and from restraining them, and each of them, from causing further publications of notices of said sale to be published in said newspaper and from causing any other execution issued on said judgment to be levied on said lands, and on final hearing hereof, plaintiff have her judgment against defendant, Miller, removing said abstract of judgment and his claim, as a cloud on her title to said lands, for her said damages, actual and exemplary, for costs of suit, that the injunction be made perpetual, and for such other and further relief, both general and special, as plaintiff may show herself entitled to, either in law or in equity."

The court indorsed on the petition his fiat as follows:

"At chambers on this the 14 day of December, 1931, the within petition having been presented to and heard by Charles Clements, Judge of the District Court of the 64th Judicial District of Texas, at Chambers in Hale County of Texas, on this the 14 day of December, 1931, and it appearing to him from the facts stated therein that the plaintiff, Hallie Stafford, is entitled to a Temporary Writ of Injunction, as prayed for therein, and a Temporary Writ of Injunction, as prayed for in said petition, is in all things granted, and it is accordingly ordered that the Clerk of the District Court of Castro County, Texas, issue it is ordered that he shall issue a Temporary Writ of Injunction in all things as prayed for in said petition, upon the petitioners executing to the adverse parties a bond with two or more good and sufficient sureties, in the sum of $300.00, to be approved by said Clerk, and conditioned as the law required, which said Writ of Injunction shall be returnable to the District Court of Castro County, Texas, at the next regular term thereof, to be held on the 11 day of April, 1932.

"This the 14th day of December, 1931.

"Charles Clements, Judge, District Court, 64th Judicial District of Texas."

From this order the defendant has appealed.

It will appear that the above-quoted prayer contains no specific prayer for a temporary restraining order or for a temporary injunction.

In the case of Yellow Cab & Baggage Co. v. City of Amarillo (Tex. Civ. App.) 20 S.W. (2d) 855, 856, in considering a prayer very nearly similar to the one here being considered, this court held that, since the petition "did not specifically pray for either a restraining order or a temporary injunction,

the trial court could neither grant nor deny such relief, and therefore had no jurisdiction."

In the case of the Fort Worth Acid Works v. City of Fort Worth (Tex. Civ. App.) 248 S. W. 822, 823, where the same defect in the prayer was presented to the Fort Worth court, that court held as follows: "So, in this case, the defendants were not required to answer the petition and stand trial on the case on its merits. The most that the trial court or the judge thereof could do was to grant a temporary restraining order, pending the final trial on the merits, in the absence of a waiver by defendants of the time allowed them under the law to answer to the merits. That they did not waive this right is shown by their motion to postpone the hearing till next term. The fact that the defendants filed an answer, even a few days before the motion for postponement was filed, would not, alone, in our opinion, constitute a waiver, because largely the same pleadings by defendants would have been proper in answer to a petition to secure a temporary injunction or restraining order as would have been required against a petition seeking a perpetual injunction. Nor can we reform the judgment rendered by the trial court by making the judgment a restraining order instead of a perpetual or permanent injunction. Plaintiff did not pray for a temporary injunction, and it has been held that, where the petition only prays for a perpetual injunction, the court is not authorized to grant a temporary injunction. In Hoskins et al. v. Cauble (Tex. Civ. App.) 198 S. W. 629, and Boyd v. Dudgeon (Tex. Civ. App.) 192 S. W. 262, it is held that a temporary writ or restraining order will not be granted unless specially prayed for in the bill. While in the Hoskins Case, supra, it is conceded that there is a conflict of decisions as to this rule of practice, yet it seems that our Texas courts have followed the more restricted rule. It has been suggested that in Riggins v. Thompson [96 Tex. 154, 71 S. W. 14], supra, the Supreme Court held that, where the trial judge or court granted an injunction permanent in its character, the appellate court could reform the judgment and make the injunction temporary in its effect. But a careful reading of Riggins v. Thompson will show that the Supreme Court did not so hold."

In view of the full discussion of the rule here laid down by this court in the Yellow Cab Case, and under the various authorities in that case, we hold that the trial court erred in granting the temporary writ of injunction, which was not specifically prayed for.

We therefore reverse the judgment of the trial court, with instructions to that court to dissolve the temporary injunction granted by said court for the want of jurisdiction, but without prejudice to the plaintiffs' right to amend their petition in the trial court and to further prosecute their action.