**PANHANDLE CONST. CO. et al. v. PLAIN et ux.**

No. 3919.

Court of Civil Appeals of Texas. Amarillo.

July 6, 1932.

Rehearing Denied Sept. 7, 1932.

Rob't A. Sowder, of Lubbock, for appellants.

Alfred M. Scott, of Lubbock, for appellees.

HALL, C. J.

Plain and wife, residing in Lubbock county, filed this proceeding against the Panhandle Construction Company, a private corporation, having its principal office in the same county, and against the sheriff of Lubbock county, to prevent the sale under execution of certain town lots in the original town of Lubbock.

It is shown that the execution had been levied and the sale was advertised to be made on June 7, 1932. The execution was issued out of the district court of Terry county upon a judgment rendered in favor of the Panhandle Construction Company against L. H. Plain and others for the sum of approximately $1,200. The plaintiffs, Plain and wife, allege that the Lubbock town lots were the separate property of Mrs. Plain, and prior to the issuance and levy of the execution had been conveyed by them by general warranty deed to one Griswold. The prayer of the petition is, in part, that the court grant and cause to be issued and served upon each of the defendants "its most gra-

cious writ of injunction or temporary restraining order, without notice, restraining the defendant Wade Hardy, his deputies," etc., from conducting or causing or permitting to be conducted the aforesaid threatened sale or any sale of said Lubbock county property under and by virtue of the aforesaid writ or execution or any other writ or execution, levy, or notice or advertisement, "and restraining the Panhandle Construction Company from causing or permitting any further steps to be taken for the execution and enforcement of the alias execution or other writ of execution, garnishment or other process upon the aforesaid judgment, pending the further orders of this Court," etc.

The petition was filed June 2, 1932, and on the same day was presented to the district judge of the Ninty-Ninth district in chambers, whose fiat recites, in part: "It appearing to him from the facts stated therein that the applicants are entitled to a writ of injunction as therein sought and that delay sufficient to give notices and hearing before granting such injunction would operate to the irreparable injury and prejudice of the complainants, it is accordingly ordered that the Clerk of the 99th District Court issue a writ of injunction in all things as prayed for in such petition, upon the complainants executing in behalf of the adverse parties a bond with two or more good and sufficient sureties, in the sum of $750.00, conditioned as the law requires."

The petition was sworn to, the bond was given, and the writ was issued. No notice was given to the defendants, no answer was filed prior to the order entered by the judge, nor was there any hearing of any kind prior to the issuance of the writ.

The applicants do not pray for the specific relief desired. They pray for "a most gracious writ of injunction or temporary restraining order." In this particular the petition was insufficient. Yellow Cab & Baggage Co. v. City of Amarillo (Tex. Civ. App.) 20 S.W.(2d) 855; Ft. Worth Acid Works v. City of Ft. Worth (Tex. Civ. App.) 248 S. W. 822. The writ which appears in the record is a temporary writ of injunction, according to its recitals. The terms "temporary injunction," "preliminary injunction," and "interlocutory injunction" mean the same thing in our practice, and cannot be issued before answer and without a hearing. Yellow Cab & Baggage Co. v. City of Amarillo, supra. If we are correct in our construction of the writ, it is void for the reasons stated.

From the fact that it was issued without notice or answer, and upon inspection of the petition, would indicate that it is a temporary restraining order, but such a writ is valid only until there has been a hearing upon the filing of an answer by the defend-

ants, or until some definite time is fixed in the order itself. If the writ before us is intended as a temporary restraining order, it is void because it fixes no time for a hearing of the application for a temporary injunction. If this writ is given effect, the sheriff and the plaintiffs in execution are restrained from selling the property until there is a final hearing in the district court at a regular term of the case upon its merits. Yellow Cab & Baggage Co. v. City of Amarillo, supra, and authorities cited.

For the reasons stated, the writ is absolutely void, and it is dissolved, and the appeal is dismissed, at the cost of the appellees.