## NALL v. MALLEY et ux.
### No. 2420.

Court of Civil Appeals of Texas. Beaumont.
Dec. 15, 1932.

E. L. Nall, of Beaumont, for appellant.

E. M. Venable, of Beaumont, for appellees.

WALKER, C. J.

By their petition filed in this case, appellees alleged that they were the owners of certain real estate in the city of Beaumont; that appellant held notes against this property in the sum of more than $1,700; that appellant was about to foreclose his lien against this property; and further, certain facts as a basis for enjoining appellant from foreclosing his lien. On the facts alleged, they made the following prayer: "Wherefore plaintiffs pray that they be granted a writ of injunction against defendant, and that he be enjoined and restrained from selling said property as aforesaid, or any part thereof. That defendants be cited to appear and answer this petition, and that on final hearing defendants be enjoined from making such foreclosure and said sale for a period of ninety days from the date of filing this petition, and for such other relief general and special as plaintiffs may show themselves entitled."

Upon presentation of their petition to the district judge of the Fifty-Eighth district court of Jefferson county, he indorsed thereon his fiat, as follows:

"State of Texas, County of Jefferson

"At Chambers This 27th day of October, 1932.

"The above petition having been presented to and heard by the judge of the 58th District Court of Jefferson County, Texas, at chambers, this 27th day of October, 1932, and it appearing to him from the facts stated therein that the plaintiff, applicant is entitled to a temporary restraining order, that same is within complainants allegations and prayer, that delay will not be injurious to either party, and that justice may be subserved thereby, it is accordingly ordered that the clerk of this court issue a temporary restraining order, operative until and pending the hearing below ordered, restraining defendants from selling or in any way disposing of the property described in said petition upon plaintiffs executing a good and sufficient bond, with two or more sufficient securities in the sum of $100.00 conditioned as the law requires. The Clerk shall quote this fiat and embody such order in a writ, which shall also require defendants to appear in court on the 15 day of Nov. 1932, to show cause why injunction should not be granted upon such petition as set forth in the prayer thereof."

Appellant perfected his appeal from the above order by filing in the trial court his appeal bond on the 28th day of October, 1932, and by filing the transcript in this cause on the 28th of October, 1932.

### Opinion.

We sustain appellees' motion to dismiss this appeal on the ground that the order appealed from is a temporary restraining order and not a temporary injunction. A temporary restraining order will not support an appeal. For a discussion of the distinction between a temporary restraining order and a temporary injunction see the opinion of this court in C. V. Terrell et al. v. Alpha Petroleum Company, 54 S.W.(2d) 821.

Appeal dismissed.