### ELY et al. v. ELLIOTT et al.
### No. 2815.

Court of Civil Appeals of Texas. El Paso.
Jan. 19, 1933.

James V. Allred, Atty. Gen., and A. R. Stout, Asst. Atty. Gen., for appellants.

J. M. Caldwell, of Midland, and Lea, McGrady & Edwards, of El Paso, for appellees.

PER CURIAM.

This is an appeal from the granting of a temporary injunction restraining W. R. Ely, Cone Johnson, and D. K. Martin, composing the board of highway commission of the state of Texas, and L. A. Givens, state highway engineer, from changing the designated route of State Highway No. 1, also designated Federal Highway No. 80, as it now exists.

██ Appellees have filed a motion to dismiss the appeal because the transcript filed by appellants does not include the injunction bond. Appellants in reply have tendered a supplemental transcript and prayed that same be filed and considered.

We have concluded that we should permit the filing of the supplemental transcript, and, therefore, the motion to dismiss should be overruled.

The prayer in appellee's petition reads: "Wherefore, premises considered your petitioners pray for themselves and for all of the citizens of the City of Odessa in the State of Texas that your Honorable Court grant his Most Gracious Writ of Injunction against the Honorable Highway Commission of the State of Texas, and L. A. Givens, State Highway Engineer, commanding them, their agents, servants and employees to desist and refrain from exercising or attempting to exercise any control whatsoever over the streets of the City of Odessa, Texas, and that particularly they be restrained from changing the designated route of State Highway No. 1, Federal Highway No. 80, as the same now exists within the City limits of the City of Odessa, Texas, and especially that they be restrained from creating a burden upon the traffic on Second Street in the City of Odessa, Texas, from its intersection with the East city limits thereof to the West city limits thereof, and that they in general be restrained from exercising or attempting to exercise any control whatsoever over the streets and alleys of said city, the exclusive control of which is vested in the City of Odessa, as incorporated and by virtue of general law. They further ask, for costs and for general relief."

██ One of the errors assigned by appellants is that the temporary injunction was erroneously granted because there was no prayer for such relief by appellees. With their position we must agree. Nowhere in the pleadings do the appellees seek a temporary injunction or a temporary restraining order and without such a prayer the court could not grant such relief. Fort Worth Acid Works v. City of Fort Worth (Tex. Civ. App.) 248 S. W. 822; Panhandle Const. Co. v. Plain et ux. (Tex. Civ. App.) 52 S.W.(2d) 504; Yellow Cab & Baggage Co. v. City of Amarillo (Tex. Civ. App.) 20 S.W.(2d) 855, and authorities therein cited.

The order of the trial court must therefore be reversed, and the temporary injunction dissolved, and it is so ordered.