## FLETCHER et al. v. KING et al.
### No. 4290.

Court of Civil Appeals of Texas. Amarillo.
Oct. 29, 1934.

Rehearing Denied Nov. 12, 1934.

Vickers & Campbell, of Lubbock, for appellants.

Williams & Bell, Mahan & Broughton, L. L. King, and Elmer East, all of Childress, for appellees.

JACKSON, Justice.

The appellants, C. E. Fletcher and twenty-three other taxpaying citizens of Childress county, instituted this suit in the district court to obtain against L. L. King, county judge, and the county commissioners of said county a writ of mandamus to compel them to improve highway No. 4 north from the town of Childress to the Collingsworth county line as a macadamized, graveled, or paved road, with a certain fund amounting to approximately $300,000, part of the proceeds of the sale of a $650,000 bond issue authorized by the voters of the county on December 21, 1927. They also sought to enjoin the judge, county commissioners, and certain other county authorities from expending said fund to repurchase any of said outstanding road bonds.

On a trial before the court a judgment was entered denying all relief, from which action this appeal is prosecuted.

The record discloses that on December 21, 1927, at an election legally ordered, the voters authorized the issuance and sale of $650,-000 in bonds for the purpose of the construction, maintenance, and operation of macadamized, graveled, or paved roads and turnpikes, or in aid thereof, in Childress county. Contemporaneously with the order for such

election, the commissioners' court entered the following on the minutes of the court:

"Be it ordered by the Commissioners Court of Childress County, Texas, that in the event bonds are voted in the amount of $650,000.00 for the purpose of constructing, maintaining and operating macadamized, gravelled or paved roads and turnpikes or in aid thereof; and issued, that the proceeds of the sale of the bonds be used for the following specific purposes:

"State Highway No. 5 over its entire length in Childress County from the Hardeman County line on the east to the Hall County line on the west shall be constructed of concrete, its equivalent or a higher grade material. * * *

"State Highway No. 4 over its entire length in Childress County from the Collingsworth County line on the north to the Cottle County line on the south shall be constructed of concrete, its equivalent or a higher grade of material."

Highway No. 5 has been paved and as it is not involved in this controversy, no further reference thereto will be made.

There existed at the time of the bond election a well-defined highway through the county, generally known as highway No. 4, so marked and designated by the state highway department. County funds "matched by State and Federal aid" funds, which together aggregated about $70,000, had been expended, largely under the supervision of the state highway department, for improving that portion of said highway No. 4 extending from Childress north to the Collingsworth county line. The state and federal government had participated in its maintenance and it constituted a part of the highway from Canada to Del Rio, Tex. After the funds of the county from the election held on December 21, 1927, were available for improving the roads, the state highway department refused to participate in the further improvement of said highway No. 4 north and surveyed and laid out a new location from a point just south of Childress, extending northerly substantially parallel to said highway No. 4 as it then existed, varying therefrom in distance from a few yards to two miles.

The federal bureau of roads followed the recommendations made by the state highway department as to the location of highways, and, after the refusal of the state highway department to assist in the improvement of original highway No. 4 and as a consequence no federal aid could be had, the commissioners' court agreed to pay out of the proceeds of said bond issue the county's portion of the cost of improvements on the new location.

The relators herein, as petitioners, then applied to the district court for an order restraining the commissioners' court and the state highway department from expending any of the funds of the $650,000 bond issue "upon any road-building project save and except the construction of Highway No. 4 * * * as the same existed on Dec. 21, 1927, and prior thereto. * * *"

The application was refused and on appeal to this court the action of the district court was affirmed. Fletcher et al. v. Howard et al., 26 S.W.(2d) 444. A writ of error was granted and the judgment of the district court and this court was reversed by the Commission of Appeals [Fletcher et al. v. Howard et al., 120 Tex. 293, 39 S.W.(2d) 32, 40 S.W.(2d) 52], and the judge of the district court of Childress county was directed by the Supreme Court to grant the prayer for the issuance of the writ. Said petitioners on July 16, 1931, again presented the same application with the same prayer for relief to the district court of Childress county and on said date after an inspection of the mandate of the Supreme Court, the judge ordered issued a temporary injunction restraining the commissioners' court of Childress county and the state highway department from expending $27/61$ of the issue of $650,000, "for any purpose except the construction, maintenance and operation of macadamized, graveled or paved roads or in aid thereof on the right of way of said original Highway No. 4 north as it existed and was located on the ground on and prior or to December 21, 1927."

That cause, by agreement, was transferred to the district court of Lubbock county, a trial had on the merits, and the temporary injunction theretofore granted by the district court of Childress county dissolved. An appeal therefrom was presented to this court, the case was reversed, and judgment rendered perpetuating the temporary injunction granted by the district court of Childress county. Fletcher et al. v. Ely et al. (Tex. Civ. App.) 53 S.W.(2d) 817.

We refer to the opinions, supra, for such material facts as may not be disclosed in this opinion.

At some period not disclosed, the new route substantially paralleling original highway No. 4 north has been improved and is now completely paved with concrete its entire length and has been designated by the state highway department as state highway No. 4.

None of the proceeds of the $650,000 bond issue was expended in improving the new designated highway No. 4, except $18,317.78, which was used on a spur extending from the new des'gnated highway No. 4 into the town of Childress over a part of the original highway No. 4. The state highway department and the federal bureau of roads still refuse to grant any aid for the purpose of constructing a highway over the original highway No. 4 north from Childress and it was contemplated at the time of the $650,000 bond election that such bond issue would be supplemented by state and federal aid.

The commissioners' court have failed and refused to expend any part of the 27/61 of the $650,000 for the improvement of said part of original highway No. 4. This proportion of the bond issue, expenditure of which was enjoined, amounts to the sum of $292,561.10 and is still in the control and subject to disposition by the commissioners' court.

On December 9, 1933, at an election duly ordered for that purpose, the commissioners' court was authorized to repurchase as many of the outstanding bonds voted December 21, 1927, as could be bought with the unexpended and unpledged money derived from the sale thereof, and to cancel all bonds so repurchased.

The record shows without controversy that at the time of the election, December 21, 1927, it was contemplated that the county funds would be supplemented with state and federal funds and that such supplemental funds cannot be obtained to improve original highway No. 4 north from Childress. The pre-election order provided, in effect, that should said road bonds be voted, the roads therein specified should be paved with concrete, its equivalent or a higher grade of material. The court finds the $292,561.10 wholly insufficient to pave original highway No. 4 north from Childress and that sufficient money is not available for the improvement thereof with the character and class of pavement specified in the pre-election order.

The regularity and validity of the election held December 9, 1933, by which the commissioners' court was authorized to repurchase and cancel, with said fund, a pro rata portion of the outstanding bonds is not questioned.

The appellants contend that the judgment is unwarranted because the record shows without dispute that previous to the election of December 9, 1933, and prior to the enactment of the statute authorizing such election, appellants' rights to the fund involved had been adjudicated and appellees perpetually enjoined from the use of such fund for any purpose except improving original highway No. 4 north from Childress.

It will be noted that appellants here, petitioners in the former suit, sought only to restrain the commissioners' court and the state highway department from expending any of the fund "upon any road building project, save and except the construction of Highway No. 4" as it existed on December 21, 1927.

It is true that the judgment of the court granting relief provided that the fund could not be used "for any purpose except the construction, maintenance and operation" of said part of said highway, but it is apparently settled that in order to warrant a court of equity to grant injunctive relief, the petitioner must specify the precise relief sought and a court is without jurisdiction to grant relief beyond and in addition to that particularly specified. Yellow Cab &. Baggage Co. v. City of Amarillo et al. (Tex. Civ. App.) 20 S.W.(2d) 855, and authorities cited; Dickson v. Waples-Platter Co. (Tex. Civ. App.) 45 S.W.(2d) 428; Miller v. Stafford et al. (Tex. Civ. App.) 46 S.W.(2d) 438; Panhandle Construction Co. et al., v. Plain et ux. (Tex. Civ. App.) 52 S.W.(2d) 504; Ely et al. v. Elliott et al. (Tex. Civ. App.) 55 S.W.(2d) 1080.

The petitioners in the former suit having limited the relief sought to an order enjoining appellees and the highway commission from expending the fund on any other road project in Childress county, were not entitled to a decree giving relief on any matter other than that specifically requested and to the extent that such decree purports to give relief on any additional matter, the judgment is not an adjudication thereof. We conclude that the commissioners' court was not enjoined from spending the fund for any purpose except the improving of original highway No. 4, but was enjoined from expending such fund on any other road project in the county.

Article 784b, Vernon's Ann. Civ. St., provides: "Sec. 1. In the event unexpended and unpledged money realized from the sale of any road bonds voted or issued by any county, political subdivision or defined district of the county, remains to the credit of said county, political subdivision, or defined district voting or issuing said bonds, the commissioners' court upon petition of not less than fifty (50) of the qualified property taxpaying voters thereof as shown by the records of the County Tax Collector, shall order an

election to determine whether or not such road bonds to the extent of the unexpended and unpledged money remaining to the credit of such county, political subdivision or defined district of the county shall be repurchased and upon such repurchase, cancelled and revoked. Such election shall be ordered held and conducted in the same manner and form as that at which said bonds were originally authorized."

Appellants contend that the above statute and the election held thereunder are retroactive and cannot deprive them of the right to have the fund expended for the improvement of original highway No. 4 north, because such statute was enacted and such election held after the commissioners' court had been restrained from expending said funds except for the purpose of improving said highway.

If what we have heretofore said is correct, there is nothing in the judgment entered in the former suit, or in the facts revealed by the record in this case, to prevent the qualified property taxpaying voters of Childress county from availing themselves of the benefits of this statute. The provisions of the statute having been complied with, the commissioners' court was authorized to use the funds involved to repurchase, and when repurchased cancel, so many of the outstanding bonds as could be acquired with the money, remaining to the credit of the county, derived from the sale of the original road bonds.

■ Appellants finally insist that since the pre-election order providing for specific roads to be improved if the bonds were voted, constituted a contract and it was intended that the section of the road involved should be improved [120 Tex. 298, 39 S.W.(2d) 32, 40 S.W. (2d) 52 and (Tex. Civ. App.) 53 S.W.(2d) 817, supra], and inasmuch as the testimony shows without dispute that the $292,561.10 is sufficient to macadamize, gravel, or pave such road, the commissioners' court should be compelled to so improve such road with said funds.

This insistence appeals strongly to our conception of rectitude, but we are impelled by what we conceive to be the law to overrule this contention.

In addition to specifying what roads should be improved, the pre-election order also stipulated that such improvements should be constructed of "concrete, its equivalent, or a higher grade of material," and this stipulation is equally as obligatory on the commissioners' court as the provision relative to the location of the highways.

It was contemplated and intended that the county funds would be supplemented by state and federal aid. The record indicates that all the locations as specified in the pre-election order were approved by the state highway department, state and federal aid obtained, and the roads so specified were paved with concrete, save and except the section of old highway No. 4 north from Childress. The highway department refused to approve such section as then located and as a result neither state nor federal aid could be obtained.

■ The Constitution of the state, article 16, § 24, and article 3, § 52, gives to the Legislature the power to enact laws "for laying out" and authorizing "the construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof." By virtue of this constitutional authority, the Legislature has enacted the highway statutes, withdrawing from the commissioners' court the authority it theretofore exercised, and created another agency, the state highway commission, and invested it with power to locate state highways [Robbins v. Limestone County, 114 Tex. 345, 268 S. W. 915], and any order made by it for that purpose is not subject to revocation or change by any other authority unless vested rights have intervened to affect the validity of such order. [Heathman v. Singletary (Tex. Com. App.) 12 S.W.(2d) 150; Quisenberry v. Mitchell et al., 116 Tex. 378, 292 S. W. 160].

■ Appellants' rights were such that the commissioners' court and the state highway commission were enjoined perpetually from spending the fund on any road building project other than original highway No. 4 north from Childress, but obviously the bonds were voted to obtain money to pay the county's part of the cost of improving state highways through the county and not for improving a country road. Original highway No. 4, by authority of the state highway department, was shorn of its exalted rank as a link in a great highway extending from the Dominion of Canada to Del Rio, Tex., and reduced to the lowly rank of the "forgotten" country road. The commissioners' court has no power to restore to it the rank of a state highway nor to enforce its improvement as such. No state or federal aid can be obtained and the unexpended fund is not sufficient to improve such road with "concrete, its equivalent or a higher grade of material," as provided in the pre-election order. Under these conditions the qualified property taxpaying voters who first authorized the use of the fund on the highway as it then existed were evidently unwill-

ing to have it expended on a country road substantially paralleling the new highway, and at an election held in compliance with the statute, rescinded such authority and directed the repurchase of the bonds.

No explanation of why the department, after having aided in the improvement of original highway No. 4 and having largely supervised the expenditure of the $70,000 thereon and having designated it as a state highway, refused, after the $650,000 of county funds were available, to approve such old location and continue to aid in the improvement thereof.

Without such explanation, the highway department appears to have acted arbitrarily and without justification, but inasmuch as it exercised the authority given under the statute, relief from such arbitrary acts must be obtained from the Legislature and not from the courts.