## LOKEY et al. v. ELLIOTT.

No. 4576.

Court of Civil Appeals of Texas. Amarillo.

Sept. 9, 1935.

Rehearing Dismissed Dec. 2, 1935.

Williams & Day, of Plainview, for appellants.

M. S. Rayburn, of Slaton, for appellee.

HALL, Chief Justice.

The appellee, Elliott, filed this suit alleging that he was surviving partner of C. T. Lokey and charged with winding up their partnership business, the said Lokey having theretofore been adjudged a bankrupt; that Lokey had executed certain fraudulent conveyances of partnership property and conspired with other parties to defeat the creditors of the firm. The prayer is that the partnership be dissolved by judicial decree; that there be an accounting and settlement of the partnership affairs; and that plaintiff be decreed a recovery of 50 per cent. interest in the assets wrongfully conveyed. The further prayer of the petition is, in part, as follows: "That your honor issue a restraining order to restrain the City National Bank of Plainview, Texas and Roy Neal, their agents or attorneys, from disposing of the partnership assets held in the form of a check for $1,400.00 payable to C. K. Lokey and Pauline Lokey, made by Roy Neal."

Upon presentation of the petition to the district judge, the court entered his fiat upon the petition in part as follows:

"On this the 24th day of June, 1935, came on to be heard the application of M. L. Elliott for a restraining order against Roy Neal and the City National Bank of Plainview, Texas, George Shriber, cashier, and it appearing to the Court that the petitioner is entitled to the relief prayed for in his application,

"It is therefore the order of this court that the clerk of the district court of Hale county, Texas issue a restraining order in all things as prayed for in the petitioner's application. Ordering Roy Neal and the City National Bank of Plainview, Texas, their agents, attorneys and employees from disposing of or paying over to any person or persons a credit in money or a check or in whatever form said funds may be now or may hereafter be converted into; said fund representing and being the sum of $1,400.00 which sum was derived from the sale of certain real estate heretofore held as part of the assets of a partnership. * * *

"It is the further order of the court that a hearing be had on the 20th day of October, 1935 to decide whether or not writ of injunction shall issue.

"Entered and approved this 25th day of June, 1935."

It appears from the record that no hearing was had prior to the order from which we have just quoted, but that the order was made ex parte upon presentation to the trial court of the application.

The date for the hearing, namely the 20th of October, 1935, is Sunday, and the term of the court at which the case may be tried begins the following day.

■ The Lokeys have appealed from this order and have filed a motion to advance the case for hearing. It is definitely held that there can be no appeal from an order of the trial court granting or refusing an application for a temporary restraining order. Nall v. Malley (Tex.Civ.App.) 55 S. W.(2d) 593; 24 Tex.Jur. 291, § 234.

A fiat ordering a temporary restraint of the defendant or the issuance of a temporary injunction are interlocutory orders. The statute expressly provides for an appeal in the case of a temporary injunction, but since the statute fails to authorize an appeal from an order relating to a temporary restraining order, under the general rule no appeal will lie.

■ The appellants insist that the order made by the court is not a restraining order but a temporary injunction. The court was not authorized to grant a temporary injunction without a hearing. Yellow Cab & Baggage Co. v. City of Amarillo (Tex. Civ.App.) 20 S.W.(2d) 855.

■ A temporary injunction, ordered without notice to the opposite party and a hearing, would be void. When the court restrains the defendant under such circumstances, and enters his fiat merely upon inspection of the petition and without a hearing, it is nothing but a restraining order. Ex parte Zuccaro, 106 Tex. 197, 163 S.W. 579, Ann.Cas. 1917B, 121; Ex parte Mussett, 106 Tex. 200, 163 S.W. 580; James v. E. Weinstein & Sons (Tex.Com.App.) 12 S.W. 959; Riggins v. Thompson, 96 Tex. 154, 71 S.W. 14; Hartzog v. Seeger Coal Co. (Tex.Civ.App.) 163 S.W. 1055; Yellow Cab & Baggage Co. v. City of Amarillo, supra; Shelton v. City of Abilene (Tex.Civ.App.) 75 S.W.(2d) 934.

The contention that the order made by the court in the instant case is a temporary injunction must be overruled for the further reason that the application contains no prayer for a temporary injunction. The prayer is specifically for a restraining order, and, as said in Fort Worth Acid Works et al. v. City of Fort Worth (Tex.

Civ.App.) 248 S.W. 822, 824: "It will be noted that there is no special prayer for a temporary restraining order, and, under the authorities cited, the absence of a special prayer for temporary restraint would make the petition insufficient to sustain an order and judgment for a temporary injunction."

■ The rule is settled in Texas that only such relief will be granted as is specifically prayed for. Hoskins v. Cauble (Tex.Civ.App.) 198 S.W. 629; Boyd v. Dudgeon (Tex.Civ.App.) 192 S.W. 262; Yellow Cab & Baggage Co. v. City of Amarillo, supra.

While the temporary restraining order has been made by the fiat of the judge to continue for an unusual and apparently unnecessary period, that matter is not before us and cannot be considered because this court has no jurisdiction of the appeal.

The motion to dismiss the appeal is granted.

Dismissed.