## SMITH v. STATE.

### No. 2011.

Court of Civil Appeals of Texas. Eastland.
April 19, 1940.

W. E. Martin, of Abilene, for appellant.

Esco Walter, Co. Atty., of Abilene, for appellee.

GRISSOM, Justice.

At the April term of the 42nd Judicial District Court of Taylor County, the State of Texas, acting by the District Supervisor of the Texas Liquor Control Board, and the County Attorney of Taylor Coun-

ty, Texas, presented its petition to the Judge of said court wherein the State alleged, under oath, that Lloyd Smith, and others not necessary to name, since Smith alone has appealed, were keeping and maintaining a building in Taylor County "where liquor is sold and bartered in violation of the Texas Liquor Control Act" and "where persons are permitted to resort for the purpose of drinking liquor in violation of the law, and is a place where such beverages are kept and bartered in violation of the law." Wherefore, the State alleged, the defendants were maintaining a common nuisance. See Art. 666—42, P.C., Vernon's Ann.

Plaintiff's prayer was as follows: "* * * plaintiff prays that the court issue *a temporary restraining order* padlocking the above described place and premises and restraining the defendants * * * from permitting persons to resort" to a certain described building "for the purpose of drinking liquor, and restraining said defendant from selling liquor and possessing liquor for the purposes of sale at said place and premises."

The petition was presented to the judge of said court, in chambers, and without notice or hearing, the following fiat was indorsed on the petition: "At chambers, this the 12th day of May, 1939, *on showing made herein,* the State of Texas is hereby granted *a temporary restraining order* padlocking the above place and premises and restraining the defendants * * * from permitting persons to resort to" the described building "for the purpose of drinking liquor and restraining said defendants from selling liquor and possessing liquor for the purpose of sale at said place and premises, and the clerk of this court is hereby directed to issue *a temporary restraining order* to the sheriff or constable of Taylor County, Texas, ordering him to padlock said premises."

A writ was issued by the clerk of said court on the 12th day of May, reciting the judge's fiat indorsed upon said petition, and commanding the defendants "to refrain from permitting persons to resort to" said building "for the purpose of drinking liquor and to refrain from selling liquor and possessing liquor for the purposes of sale at said place and premises, until the further order of said 42nd District Court, to be holden within and for the County of Taylor, at the court-

house thereof, * * * on the first Monday in September, A. D. 1939, the same being the 4th day of September, A. D. 1939, when and where this writ is returnable."

The constable's return on said writ recited that he had delivered to Lloyd Smith a copy of the writ "and padlocked said house * * *." On May 29, 1939, the judge of said court fixed the amount of Smith's supersedeas bond on appeal and directed that when said bond had been executed and approved by the clerk that the writ of supersedeas should issue directing the proper officer to remove the padlocks placed thereon "under the writ of injunction herein issued." Thereafter, Smith executed his supersedeas bond on appeal wherein he recited that said judge "granted, and the clerk of said court issued temporary injunction and restraining order", and that "Lloyd Smith, defendant in said cause, has appealed from said *restraining order* and said order padlocking said premises" to this court.

The case is before this court upon the transcript only, no briefs having been filed herein.

The first difficulty encountered is in determining whether or not the order appealed from is a temporary injunction or a restraining order. If it is a restraining order it is not appealable, and this court has only the authority to enter its judgment dismissing the appeal. 24 Tex. Jur. 291; City of Jacksonville v. Devereux, Tex.Civ.App., 286 S.W. 572; Jacksonville Ind. School Dist. v. Devereux, Tex. Civ.App., 286 S.W. 573; Lark v. Coyle, Tex.Civ.App., 260 S.W. 1107; Hudson v. Sunshine Oil Corp., Tex.Civ.App., 245 S. W. 765; Hoskins v. Cauble, Tex.Civ.App., 198 S.W. 629; Johnson v. Sunset Stores, Inc., Tex.Civ.App., 27 S.W.2d 644; Cox, Inc. v. Knight, Tex.Civ.App., 50 S.W.2d 915.

There was no notice or hearing, and, under Art. 667—27, Vernon's Ann.P.C., in the absence of notice and hearing, the only order the judge was authorized to enter was a restraining order.

In Ex parte Zuccaro, 106 Tex. 197, 199, 163 S.W. 579, 580, Ann.Cas. 1917B, 121, Justice Phillips discussed a somewhat similar order and construed it to be only a restraining order, limited in its duration to the date appointed for a hearing. He quoted from the opinion of Chief Justice Gaines in Riggins v. Thomp-

son, 96 Tex. 154, 71 S.W. 14, the classification of injunctions under our practice as follows:

"'(1) A restraining order, which is defined to be: "A restraining order is an interlocutory order made by a court of equity upon an application for an injunction and as part of the motion for a preliminary injunction, by which the party is restrained pending the hearing of the motion." (2) One which is intended to operate, and which does operate unless dissolved by an interlocutory order, until the final hearing; and (3) a perpetual injunction which can be properly ordered only upon a final decree.'"

At the time the order was made it was evidently not the intention of the court to then set the case for a final hearing on its merits at a subsequent term of court. At that time the defendant had not been cited, nor had he appeared. Although the order was effective until September 4, 1939, it was not intended, we think, to be effective until a final hearing of the case on its merits at the succeeding term of court, but expired on September 4th, which, we understand to be the date contemplated for a hearing on a supposed application for temporary injunction.

We are of the opinion that the order was intended to be, and is, that which it was designated by the trial judge to be, namely, "a temporary restraining order", and, therefore, not appealable. Ex Parte Zuccaro, 106 Tex. 197, 163 S.W. 579, Ann.Cas.1917B, 121; Ex Parte Dick Rains, 113 Tex. 428, 257 S.W. 217; Johnson v. Sunset Stores, Inc., Tex.Civ.App., 27 S.W.2d 644; 24 Tex.Jur. 293; 24 Tex.Jur. 196; Hoskins v. Cauble, Tex. Civ.App., 198 S.W. 629; McKenzie v. Withers, Tex.Civ.App., 153 S.W. 413; Art. 2251; Art. 4662; Berry v. State, Tex.Civ.App., 79 S.W.2d 891; Lokey v. Elliott, Tex.Civ.App., 88 S.W.2d 126; Citizens Nat. Bank. v. Thomas, Tex.Civ. App., 88 S.W.2d 1090; Mickle v. Garrett, Tex.Civ.App., 110 S.W.2d 1235; Swift v. Callaghan Land & Pastoral Co., Tex.Civ. App., 120 S.W.2d 459; Nall v. Malley, Tex.Civ.App., 55 S.W.2d 593.

Although we are required to dismiss the appeal we deem it proper to observe that, in our opinion, Articles 666—29 and 667—27 of the Penal Code do not authorize the closing of a building until final judgment is rendered, nor the issuance of an injunction prior to notice and hearing. Article 666—29 provides: "* * * upon final judgment against the defendant the Court shall order that said * * * building * * * shall be closed." Article 667—27 provides: "* * * the District Judge shall have authority to issue restraining orders without hearing, and upon notice and hearing to grant injunction * * *."

We have heretofore held that a temporary injunction is not authorized in the absence of a prayer therefor. Sipe v. Sayer, Tex.Civ.App., 140 S.W.2d 297, decided March 29, 1940. Also see, Ely v. Elliott, Tex.Civ.App., 55 S.W.2d 1080; Fletcher v. King, Tex.Civ.App., 75 S.W. 2d 980; Temple Independent School Dist. v. Proctor, Tex.Civ.App., 97 S.W.2d 1047; 24 Tex.Jur. 236. There is no such prayer in plaintiff's petition. Except as stated in the applicable articles of the Texas Liquor Control Act, the rules applicable to injunctions generally are, by statute, made applicable to injunctions issued thereunder. Art. 666—29, P.C., Acts 1935, 44th Leg., 2d C.S., p. 1795, ch. 467, Art. 1, sec. 29, and Art. 667—27, P.C.

The appeal is dismissed.