

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~XXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable C. G. Mendenhall
County Auditor
Chambers County
Anahuac, Texas

Dear Sir:                    Opinion No. 0-7393

                             Re: Investment of county bond proceeds
                                 in short-term U.S. Treasury Cer-
                                 tificates.

          We have received your letter of recent date which we
quote, in part, as follows:

          "This county has just sold a 3 million dollar
     bond issue, and in as much as it is going to be
     impossible for us to use these funds for some time,
     except a small portion, we are anxious to know if
     the county has authority to invest these funds or
     a portion of them in short term U.S. Treasury Cer-
     tificates.

          "Will you give us your attention on this at your
     earliest convenience."

          Article 708b, Vernon's Statutes, provides as fol-
lows:

          "That any political subdivision of the State
     of Texas which <u>heretofore</u> has issued and sold bonds
     and is unable to obtain labor and materials to car-
     ry out the purpose for which the bonds were issued
     may invest the proceeds of such bonds <u>now on hand</u>
     in defense bonds or other obligations of the United
     States of America; provided, however, that whenever
     war time or any other regulations shall permit such
     political subdivisions to acquire the necessary la-
     bor and materials, the obligations of the  United
     States in which said proceeds are invested shall be
     sold or redeemed and the proceeds of said obligations
     shall be used for the purpose for which the bonds of
     any such political subdivision were authorized.  Acts
     1943, 48th Leg., p. 211, ch. 131, § 2."  (Emphasis
     added)

It is seen that the words "heretofore" and "now on hand" are used. An examination of the original act reveals that the same words are used in the caption. Moreover, the emergency clause provides in part: "The fact that many political subdivisions of the state have issued and sold bonds. . . " (Emphasis added).

It is obvious, therefore, that the act applies only to the proceeds of bonds which were issued and sold prior to the effective date of the act (April 12, 1943). As the bonds under consideration were issued and sold in 1946, it is evident that the provisions of Article 708b are not applicable.

You are advised that we find no provision in law authorizing the investment of the proceeds of these bonds in United States Government Treasury Certificates. We quote the following from our Opinion No. 0-4746:

"It is a fundamental principle of law that the proceeds derived from the sale of bonds must be devoted to the purpose for which the bonds were issued and not otherwise. Beaumont v. Matthew Cartwright Land Co., 224 S.W. 539 (Error refused); Simpson v. City of Nacogdoches, 152 S.W. 858; Aransas County v. Coleman-Fulton Pasture Company, 191 S.W. 554; Lewis v. City of Fort Worth, Texas, 89 S.W. (2d) 975."

You are, therefore, advised that the Commissioners' Court of Chambers County is without authority to invest proceeds derived from the sale of bonds issued or sold after the effective date of Article 708b (April 12, 1943) in United States Government Treasury Certificates.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/George W. Sparks
George W. Sparks
Assistant

GWS/LH/wc

APPROVED SEP 20, 1946
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman